**FOREST COVE PROPERTY OWNERS ASSOCIATION, INC., Appellant,**

v.

**Dee Lyle LIGHTBODY and Arlene Laverne Lightbody, Appellees.**

**No. 01–86–0734–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 28, 1987.

Bruce Ian Schimmel, Schimmel & Associates, P.C., Houston, for appellant.

Lynn Bradshaw-Hull, Humble, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

### Opinion

SAM BASS, Justice.

The appellant, Forest Cove Property Owners Association, Inc., appeals from a take-nothing summary judgment that determined, as a matter of law, that the plaintiff could not maintain its action for enforcement of the deed restrictions covering Forest Cove Country Club Estates, section 4 in Harris County.

We reverse the trial court's summary judgment, and remand the cause for further proceedings.

In its second amended original petition, Forest Cove Property Owners Association alleged that it was a Texas non-profit corporation that was "merged with, was the assignee of, or otherwise absorbed" Forest Cove Owners' Committee, and that it had assumed all of that committee's duties and responsibilities on or about April 11, 1973. It further alleged that the Committee was the entity entrusted with enforcing the restrictions and covenants running with the Forest Cove County Club Estates, section 4 land, and that by reason of its succession to the duties and responsibilities of the Forest Cove Owners' Committee, it was duly authorized to bring the action to enforce the restrictions.

■ The transcript contains a plea in abatement filed by the defendants, Dee Lyle Lightbody and wife, Arlene Laverne Lightbody, that asserts that the plaintiff, Forest Cove Property Owners Association, Inc., lacks the authority to enforce the restrictions in question and is not entitled to recovery in the capacity in which it sues. But the record does not reflect that this plea in abatement was ever ruled on by the trial court, and that issue is not before us here. Thus, the only issue presented by the summary judgment record is whether the proof established, as a matter of law, that the plaintiff did not have a justiciable interest, which would enable it to enforce the restrictions in question. *See, e.g., Gulf C. & S.F. Ry. Co. v. Lester*, 149 S.W. 841 (Tex.Civ.App.—Austin 1912, no writ).

In their motion for summary judgment, the defendants asserted that the plaintiff was an "outsider" with no standing to enforce the deed restrictions for the subdivision, because the restrictions provide in clear and unambiguous language that the Trustees of Forest Cove Owners' Committee are charged with the enforcement of all covenants and restrictions applicable to the subdivision. The motion also alleged that according to the restrictions, the lot owners could, after January 1, 1969, either elect a new Board of Trustees of the Forest Cove Owners' Committee, or organize a non-profit corporation to take over the duties and functions of the Owners' Committee. The motion further alleged that Forest Cove was not a non-profit organization organized by the owners of lots in the subdivision, and that the plaintiff's attempt to bring the suit on behalf of the lot owners violated the terms of the restrictions.

Attached to the defendants' motion was the defendants' affidavit, which stated that the defendants are lot owners in the subdivision, and that Forest Cove Owners' Committee was the "authorized body" to enforce the deed restrictions applicable to the subdivision.

The motion for summary judgment challenged the plaintiff's right to bring the action to enforce the restrictions, asserting in essence that the plaintiff lacked a justiciable interest in the controversy. *See Franks v. Welch*, 389 S.W.2d 142 (Tex.Civ. App.—Houston 1965, writ ref'd n.r.e.).

■ It was the defendants' burden to bring forward summary judgment proof that conclusively established, as a matter of law, that the plaintiff had no justiciable interest that would support its action to enforce the restrictions. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex. 1983); *Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974); *Winograd v. Clear Lake City Water Auth.*, 654 S.W.2d 862 (Tex.App.—Houston [14th Dist.] 1983, no writ). This the defendants failed to do. The allegations in their motion, denying the authority of the plaintiff to bring the action, and the statements in their affidavit that the Committee, not the plaintiff, had the authority to enforce the restrictions, do not conclusively negate the allegations of the plaintiff's petition asserting such authority through merger or assignment. We accordingly hold that the trial court erred in granting the take-nothing summary judgment.

The trial court's judgment is reversed, and the cause remanded for further proceedings.