The CADLE COMPANY, Appellant,

v.

ESTATE OF Forrest WEAVER, Appellee.

No. 05–92–01737–CV.

Court of Appeals of Texas, Dallas.

March 25, 1993.

Rehearing Denied June 1, 1993.

James W. Rose, Jr., Dallas, for appellant.

Robert W. Fischer, Dallas, for appellee.

Before BAKER, CHAPMAN and BARBER, JJ.

## OPINION

BARBER, Justice.

This is a collection case. The Cadle Company sued Forrest Weaver to collect all sums due and owing under two promissory notes. The trial court granted Weaver's motion for summary judgment, finding that Cadle Company's claims were barred by limitations. The Cadle Company appeals. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Weaver executed two promissory notes payable to the First National Bank of Irving. The first note was in the principal sum of $52,156.64. The second note was in the principal sum of $17,841.55. Weaver defaulted on his obligation to make payment under both notes.

In April 1986, the First National Bank of Irving was placed in receivership. On November 12, 1986, the Federal Deposit Insurance Corporation (FDIC), as receiver for the First National Bank of Irving, made demand on Weaver for full payment of both notes. Weaver did not make payment under either note. The FDIC then sold the promissory notes to appellant. Appellant filed suit against Weaver on January 8, 1991.

Weaver died on January 11, 1991. Evelyn Weaver, Executrix of the Estate of Forrest Weaver, filed a Suggestion of Death in this cause, substituting the Estate of Forrest Weaver as Defendant.

The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of appellee, finding that appellant's claims were barred by the four-year statute of limitations codified at section 16.004 of the Texas Civil Practice and Remedies Code and that the six-year statute of limitations codified at section 1821(d)(14)(A) of the United States Code was inapplicable. This appeal follows.

## STATUTE OF LIMITATIONS

■ The sole issue on appeal is whether appellant's claim is governed by the four-year statute of limitations under Texas law or the six-year statute of limitations applicable to the FDIC under federal law. Appellant contends that assignees of the FDIC are entitled to the protections of the six-year statute under the Financial Institution's Reform, Recovery, and Enforcement Act of 1989 (FIRREA). 12 U.S.C. § 1821(d)(14) (1989). Appellant argues that to hold otherwise would frustrate public policy. Section 1821(d)(14) of the United States Code provides, in relevant part:

(A) Notwithstanding any provision of any contract, the applicable statute of limitation with regard to any action brought by [the FDIC] as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of

(I) the 6-year period beginning on the date the claim accrues;

(II) the period applicable under State law. . . .

12 U.S.C. § 1821(d)(14) (1989).

Appellee asserts that the benefits conferred by the federal statute do not extend to assignees of the FDIC and that the four-year limitations provision of the Texas Civil Practice and Remedies Code controls the disposition of this case. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986). Section 16.004(a)(3) of the Civil Practice and Remedies Code provides, in relevant part:

(a) A person must bring suit on the following actions not later than four years after the day the cause of action accrues:

(3) debt.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.-004(a)(3) (Vernon 1986).

### Applicable Law

This court recently addressed this same issue in *Federal Debt Management, Inc. v. Weatherly*, 842 S.W.2d 774 (Tex.App.—Dallas 1992, no writ h.). In *Weatherly*, we noted that the language of the federal statute clearly and unambiguously states that the six-year statute of limitations applies only to actions

"brought by *[the FDIC]* as conservator or receiver." *Id.* at 776 (quoting 12 U.S.C. 1821(d)(14) (emphasis added)). We concluded that assignees of the FDIC, such as appellant, are not covered by the express terms of the federal statute. *Id.* We also rejected the contention that public policy dictates expanding the scope of the federal statute to include assignees of the FDIC. *Id.* at 777–78. Consequently, we held that assignees of the FDIC are governed instead by the four-year statute of limitations under Texas law. *Id.* at 779. We are bound by our earlier decision in *Weatherly.*

### Application of Law to Facts

■ Appellant's claims against appellee are controlled by the four-year statute of limitations set forth in section 16.004 of the Texas Civil Practice and Remedies Code. Appellant's cause of action accrued on November 12, 1986, the date on which the FDIC made demand on Weaver for full payment of both notes.[1] Appellant did not file suit against appellee, however, until January 8, 1991—more than four years after the cause of action accrued. Therefore, appellant's claims are barred by limitations. We overrule appellant's point of error.

Because we find appellant's claims are barred by limitations, we need not address appellee's argument that when appellant executed the Loan Sale Agreement with the FDIC, it expressly waived rights specially conferred on the FDIC, such as the extended statute of limitations. Moreover, we need not address appellee's cross-point that the trial court erred in not granting appellee's plea in abatement. We affirm the trial court's judgment.

---

[1]. If a note provides for acceleration of maturity upon default of an installment, limitations begin to run on the date the holder exercises the option to accelerate the debt. *Shepler v. Kubena,* 563 S.W.2d 382, 385 (Tex.Civ.App.—Austin 1978, no writ).