**The CADLE COMPANY, Petitioner,**

v.

**ESTATE of Forrest WEAVER,
Respondent.**

**No. D–3866.**

Supreme Court of Texas.

March 9, 1994.

P. Anne Brewster, Michael L. Jones, Randall K. Lindley, Dallas, for petitioner.

Robert W. Fischer, Dallas, for respondent.

**PER CURIAM.**

This case presents the question resolved today in *Jackson v. Thweatt*, 883 S.W.2d 171 (Tex.1994). Because the decision of the court of appeals, 883 S.W.2d 219, conflicts with our holding in *Jackson*, we reverse the judgment of the court below and remand the cause to that court for further proceedings.

Forrest Weaver executed two promissory notes to the First National Bank of Irving in February 1984 and February 1986, respectively. The FDIC, as receiver for the bank, acquired these notes in April 1986. The notes went into default in November 1986, and were subsequently assigned by the FDIC to The Cadle Company ("Cadle") in February 1990. After Cadle brought suit against Weaver on the notes in January 1991, the defendant[1] moved for summary judgment based on the Texas four year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code § 16.004. The trial court granted defendant's motion for summary judgment, and the court of appeals affirmed, rejecting Cadle's argument that it was entitled to the six year limitations period applicable to the FDIC. *See* 12 U.S.C. § 1821(d)(14).

We held today in *Jackson* that an assignee of a promissory note from the FDIC does receive the benefit of the extended limitations provision applicable to the FDIC. Accordingly, without hearing oral argument, a majority of the Court reverses the judgment of the court of appeals and remands the cause to that court for consideration of respondent's remaining arguments not previously reached.[2]

1. Weaver died a short time after suit was filed and the executor of his estate was substituted as defendant.

2. Respondent argues that, even if an assignee generally receives the benefit of the FDIC's special limitations period, Cadle expressly waived

that right in this case pursuant to a contractual provision in the assignment. Respondent also contends that the trial court erred by not granting its plea in abatement challenging Cadle's corporate standing to bring suit in Texas.