**The CADLE COMPANY, Appellant,**

**v.**

**ESTATE OF Forrest WEAVER, Appellee.**

**No. 05–92–01737–CV.**

Court of Appeals of Texas, Dallas.

June 30, 1994.

Certiorari Denied May 22, 1995.

See 115 S.Ct. 2002.

Michael L. Jones, Henry Meier Jones & Travis, L.L.P., Dallas, P. Anne Brewster, Randall K. Lindley, Caolo & Bell, L.L.P., Dallas, for appellant.

Robert W. Fischer, Fischer Gitlin & Sanger, Dallas, for appellee.

Before BAKER, CHAPMAN and BARBER, JJ.

## OPINION ON REMAND

BARBER, Justice.

The Cadle Company seeks to recover on two promissory notes. The trial court held that appellant's claims were barred by the four-year statute of limitations.

We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Weaver executed two promissory notes payable to the First National Bank of Irving. The first note was in the principal sum of $52,156.64. The second note was in the principal sum of $17,841.55. Weaver defaulted on his obligation to make payment under both notes.

In April 1986, the First National Bank of Irving was placed in receivership. On No-

.vember 12, 1986, the Federal Deposit Insurance Corporation (FDIC), as receiver for the First National Bank of Irving, made demand on Weaver for full payment of both notes. Weaver did not make payment under either note. The FDIC then sold the promissory notes to appellant (Cadle). Cadle filed suit against Weaver on January 8, 1991.

Weaver died on January 11, 1991. Evelyn Weaver, executrix of the estate of Forrest Weaver, filed a Suggestion of Death in this cause, substituting the estate of Forrest Weaver (Weaver) as defendant.

The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of Weaver, finding that Cadle's claims were barred by the four-year statute of limitations.

Cadle appealed, asserting by one point of error that the trial court erred in holding that Cadle's action was barred by the four-year Texas statute of limitations, because appellant as assignee of the FDIC is entitled to application of the six-year federal statute of limitations, codified as 12 U.S.C. § 1821(d)(14)(A), which extended limitation period preserved Cadle's cause of action.

Weaver argued on appeal that Cadle as assignee of the FDIC was not entitled to the statutory six-year statute of limitations and because paragraph 2.12 of the Loan Sale Agreement (the document by which Cadle purchased the Weaver notes from the FDIC) specifically provided that Cadle would not in any event raise or pursue any special legal argument or position available to the FDIC as a result of its activities as liquidator or receiver of failed banks whether such argument or position is based on statute such as 12 U.S.C. Section 1823(a), or case law, such as *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and its related line of cases.

By cross-point Weaver argued that Cadle's cause of action should have been abated by the trial court because Cadle was transacting business in the State of Texas without a certificate of authority.

On original submission, relying on a prior decision of this court, we affirmed the trial court's judgment. We held that the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C.A. § 1821(d)(14) (West 1989) (FIRREA) did not extend the limitations period to assignees of the FDIC, such as Cadle. We did not reach appellee's other contentions.

The Texas Supreme Court reversed the case on which we based our earlier opinion and judgment in this case. *See Federal Debt Management, Inc. v. Weatherly*, 883 S.W.2d 171 (Tex.1994) (reversing the case upon which we relied); *The Cadle Company v. Estate of Forrest Weaver*, 883 S.W.2d 179 (Tex.1994) (reversing our earlier opinion in this case); *see also Jackson v. Thweatt*, 883 S.W.2d 171 (Tex.1994). The supreme court held that generally the assignee of a promissory note from the FDIC is entitled to the benefit of the limitations period accorded the FDIC under FIRREA.

The supreme court remanded the case to us to consider Weaver's other arguments, to wit: that Cadle, under its contract with FDIC, was not entitled to assert the six year limitations period and that the trial court erred by not granting Weaver's plea in abatement challenging Cadle's corporate standing to bring suit in Texas. Having considered the remaining issues, we affirm the trial court's judgment.

## APPELLEE'S CROSS–POINT

■ Weaver, by cross-point, asserted that the district court erred in not granting its plea in abatement. The plea in abatement plead that Cadle was not authorized to do business in Texas and therefore prayed the court to dismiss Cadle's lawsuit.

Rule 52(a) of the Texas Rules of Appellate Procedure provides in relevant part that in "order to preserve a complaint for appellate review ... It is necessary for the complaining party to obtain a ruling upon the party's request, objection or motion." TEX.R.APP.P. 52(a). This rule has been applied to pleas in abatement. *See Forest Cove Properties*

*Owners Assoc. Inc. v. Lightbody,* 731 S.W.2d 170, 171 (Tex.App.—Houston [1st Dist.] 1987, no writ).

While the record before us contains appellee's plea in abatement, there is nothing in the record before us indicating that the trial court ever ruled on the motion. Thus, nothing is presented for review regarding the plea in abatement. We overrule appellee's cross-point of error.

## THE LIMITED ASSIGNMENT

Cadle bases its argument for application of the six-year statute of limitations on 12 U.S.C. § 1821(d)(14) that provides as follows:

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the six-year period beginning on the date the claim accrues; or

(II) the period applicable under state law. . . .

Absent application of the federal statute Cadle's claims are barred by the Texas four-year statute of limitations as set forth in Texas Civil Practice and Remedies Code § 16.004(a)(3).

Weaver asserted in its summary judgment pleadings and brief that the FDIC did not transfer FDIC rights and defenses to Cadle. Paragraph 2.12 of the FDIC's assignment to the Cadle contained the following limitation:

*FDIC Defenses.* Buyer acknowledges that it does not have the right to, and further warrants, represents and agrees that it will not in any event raise or pursue any special legal argument or position available to the FDIC as a result of its activities as liquidator or receiver of failed banks, whether such argument or position is based on statute such as 12 U.S.C. Section 1823(e), or case law, such as *D'Oench Duhme and Co. v. FDIC,* 31 [315] U.S. 447,

62 S.Ct. 676, 86 L.Ed. 956 (1942) and its related line of cases. Buyer acknowledges that there is no adequate remedy at law for violation of this provision and consents to the entry of an order by a court of competent jurisdiction enjoining any violation or threatened violation of this provision.

Weaver contends that by virtue of this language, the FDIC expressly limited the rights and benefits Cadle purchased.

 Cadle argues that the trial court's judgment cannot be affirmed on the basis of the limited assignment because the trial court's summary judgment failed to state that Weaver's limited assignment defense was a ground for summary judgment. Generally, where the summary judgment order specifies the grounds upon which it is granted, appellate courts must limit their review to those grounds. *See Delaney v. University of Houston,* 835 S.W.2d 56, 58 (Tex.1992).

The trial court's summary judgment order held:

1. The Cadle Company's claim against the Estate of Forrest Weaver is barred by the Texas Statute of Limitations as codified as Texas Civil Practices and Remedies Code § 16.001 *et. seq.*

2. The Cadle Company is not entitled to application of the six (6) year Federal Statute of Limitations codified as 12 U.S.C. § 1821(d)(14)(A).

One of the grounds asserted for summary judgment by Weaver was that the federal statute of limitations did not apply because the FDIC and Cadle agreed, by virtue of the limited assignment, that the statutory benefits accruing to the FDIC were withheld from Cadle. We hold the trial court's summary judgment order, as set forth above, sufficiently encompassed such defense.

Cadle also argues that Weaver was neither a party to the Loan Sale Agreement between Cadle and the FDIC, nor an intended third-party beneficiary under the agreement. Cadle contends that since Weaver is a stranger to the Loan Sale Agreement, it has no standing to benefit from the terms of the agreement.

Weaver replies that it never claimed to be a third-party beneficiary. Weaver contends that by virtue of paragraph 2.12 of the Loan Sale Agreement, Cadle gave up the right to

assert the extended statute of limitation conferred by the statute. We agree with Weaver.

The critical issue is the extent and nature of the rights Cadle purchased from the FDIC. Cadle cannot assert rights greater than it possesses.

■ Generally, an assignment carries with it all rights, remedies, and benefits that are incidental to the thing assigned. 6A C.J.S. Assignments § 76 (1975); *see also Jackson v. Thweatt,* 883 S.W.2d 171 (Tex. 1994). However, "[t]he operation and effect of an assignment may be limited by exceptions, reservations, conditions, or restrictions contained therein." *Id.* § 78; *see also* TEX. BUS. & COM.CODE ANN. § 3.202(c) and (d) (Tex. UCC) (Vernon 1968); TEX.BUS. & COM. CODE ANN. § 3.302(d) (Tex. UCC) (Vernon 1968) ("A purchaser of a limited interest can be a holder in due course only to the extent of the interest purchased."). However, for whatever reason, the FDIC did not sell and Cadle did not purchase all of the FDIC's rights. Specifically, Cadle did not purchase the right to the six year statute of limitations under 12 U.S.C. § 1821(d)(14)(A). Cadle points out in its brief that the FDIC has changed its practice of such a limited assignment. We, however, must look at the specific transaction.

In the assignment under which it sues, Cadle "warrants ... that it will not in any event raise or pursue any special legal argument or position available to the FDIC as a result of its activities as liquidator or receiver of failed banks...." We hold that by execution of the Loan Sale Agreement the FDIC did not convey and Cadle did not purchase the rights under the federal statute and the case law it now seeks to assert. We overrule Cadle's point of error.

We affirm the trial court's judgment.