**AFFIRM; and Opinion Filed December 31, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00341-CV

### FOREX CAPITAL MARKETS, LLC, Appellant
### V.
### KELLY M. CRAWFORD, Appellee

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-00075-2014**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

In this consolidated interlocutory appeal and petition for writ of mandamus, appellant Forex Capital Markets, LLC (FXCM) complains of the trial court's order denying its motion to dismiss for improper venue or, in the alternative, motion to compel arbitration. *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (mandamus relief is available to enforce an unambiguous forum-selection clause); TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.016, 171.098(a)(1) (West 2011) (authorizing interlocutory appeals from denial of motion to compel arbitration). In both proceedings, FXCM asserts the trial court erred in not enforcing provisions of a contract entered into between it and a limited partnership against the federal equity receiver of that partnership. For the following reasons, we affirm the trial court's order and deny the petition for writ of mandamus.

Kevin G. White induced investors to contribute millions of dollars in funds to invest in Revelation Forex Fund, LP (Revelation) to engage in foreign currency exchange ("Forex") trading. To conduct that trading, Revelation opened a "Forex" account with FXCM. When it did so, Revelation agreed to provisions in a "Client Agreement," which included a forum selection clause consenting to jurisdiction and exclusive venue in New York and an agreement to arbitrate. White subsequently misappropriated over $1 million in partnership funds. The investors also suffered significant losses from Revelation's trading activities.

The Security and Exchange Commission (SEC) and the Commodity Futures Trading Commission (CFTC) instituted civil enforcement actions in federal court against White, Revelation, and other entities White controlled alleging White defrauded Revelation's investors.[1] The federal court appointed appellee Kelly M. Crawford as receiver over the "estates and assets" of White, Revelation, and related entities. The federal court gave Crawford broad powers, including all powers, authority and rights that the officers, directors and partners had possessed, as well as all powers and authority of a receiver at equity. The federal court also directed Crawford to investigate the business affairs of the entities and, after obtaining leave of court, to file such actions as he deemed appropriate.

Crawford subsequently determined that Revelation's investors had claims against FXCM for its participation and complicity in White's scheme. The investors unconditionally assigned their claims against FXCM to Crawford and agreed that any recovery would be included in the "Receivership Estate." The federal court then expressly authorized Crawford to file suit against FXCM on the assigned claims.

---

[1] White pleaded guilty to committing wire fraud in connection with the fraudulent scheme.

Crawford then filed this suit, in his own name, but as the assignee of the investors' claims.[2] FXCM filed a motion to dismiss for improper venue or, in the alternative, motion to compel arbitration. It relied on the forum selection clause and arbitration agreement in Revelation's Client Agreement. The trial court denied FXCM's motions.

According to FXCM, the trial court erred in doing so because, as Revelation's receiver, Crawford is bound by its agreements regarding venue and arbitration. Crawford, on the other hand, responds Revelation's agreements are inapplicable because he has sued only on claims that the investors assigned to him for injuries they suffered as a result of FXCM's conduct.

It is well settled that when a claim is assigned, the assignee "steps into the shoes of the assignor and is considered under the law to have suffered the same injury as the assignors and have the same ability to pursue the claims." *Sw. Bell Tel. Co. v. Mktg. on Hold Inc*., 308 S.W.3d 909, 916 (Tex. 2010). An assignee may thus assert those rights that the assignor could assert, including bringing suit. *Flagstar Bank, FSB v. Walker*, 05-13-00724-CV, 2014 WL 6065713 (Tex. App.—Dallas Nov. 14, 2014, no pet. h.); *Cadle Co. v. Estate of Weaver*, 897 S.W.2d 814, 818 (Tex. App.—Dallas 1994, writ denied); *see also Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994). An assignee's rights are also subject to defenses existing at the time of the assignment that would have been available against the assignor had there been no assignment. *See Irrigation Ass'n v. First Nat'l Bank of Frisco*, 773 S.W.2d 346, 348 (Tex. App.—Dallas 1989, writ denied).

Absent an agreement to the contrary, a plaintiff generally has the right to have their claims resolved by litigation and to choose the venue in which to file suit. *See In re Fisher*, 433 S.W.3d 523, 533 (Tex. 2014) (plaintiff is generally afforded the right to choose venue when suit

---

[2] Throughout, we use the phrase "investors'" claims to reference claims asserting the legal rights of the investors, not to identify the party with title or ownership of the claims.

is filed); *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994) (party who has not agreed to arbitration has a right to have disputes resolved by litigation). A party seeking to enforce a forum selection clause or an arbitration agreement must first show the existence of the agreement and that the claims fall within the scope of that agreement. *See In re D. Wilson Constr. Co*., 196 S.W.3d 774, 781 (Tex.2006) (orig. proceeding); *Seven Hills Commercial, LLC v. Mirabal Custom Homes, Inc*., 442 S.W.3d 706, 715 (Tex. App.—Dallas 2014, pet. filed); *Young v. Valt.X Holdings, Inc*., 336 S.W.3d 258, 262 (Tex. App. —Austin 2010, pet. dism'd ).

This initial burden includes showing the contract applies to the parties involved in the dispute. *See VSR Fin. Servs., Inc. v. McLendon*, 409 S.W.3d 817, 827 (Tex. App.— Dallas 2013, no pet.). A party may meet this burden by showing the party signed the contract or is otherwise bound to the contract under principals of contract law and agency. *See In re Kellogg, Brown & Root Inc.*, 166 S.W.3d  732, 738 (Tex. 2005); *CNOOC SE Asia Ltd. v. Paladin Resources (SUNDA) Ltd*., 222 S.W.3d 889, 894-95 (Tex. App.—Dallas 2007, pet. denied); *Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 835-36 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Here, Crawford filed suit against FXCM on claims the investors' unconditionally assigned to him. FXCM does not challenge the validity of the assignments. As a consequence, Crawford stands in the investors shoes. But to support its motion, FXCM did not show the investors agreed to either venue in New York or to arbitration. Nor did FXCM show the investors were otherwise bound under any theory of agency or contract law.[3] Instead, it asserts Crawford was bound by Revelation's agreements because the investors' claims are now "property of the receivership estate" and Crawford, as receiver, "represents" the "estate" and is

---

[3] In its reply brief, FXCM asserts for the first time the investors were bound by the provisions in the Client Agreement. It relies on two agreements it asserts shows the investors authorized Revelation to execute the Client Agreement. But because FXCM raised this issue for the first time in its reply brief, we cannot consider it as grounds for reversal. *Cebcor Serv. Corp. v. Landscape Design & Const., Inc*., 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.) (party may not raise an issue for the first time in reply brief). Moreover, the only agreements FXCM directs us to are copies of a limited partnership agreement and a subscription agreement Revelation attached to its "Public Offering Memorandum." Neither agreement is signed by any investor. Further, FXCM has cited us to no authority and has provided no legal analysis showing these agreements are sufficient to bind the investors to the provisions in the Client Agreement. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) (failure to cite applicable authority or provide substantive analysis waives an issue on appeal).

thus bound by any agreements of the "estate." Of course, the "estate" did not execute the agreement FXCM relies on, only Revelation did.[4] Nevertheless, FXCM asserts Crawford is bound by the agreement because of the limitations on a receiver's standing to bring claims to benefit investors.

As a general rule, a receiver may sue only for claims of the entities in receivership, and may not assert claims for injuries directly suffered by the investors. *See Liberte Capital Grp., LLC v. Capwill*, 248 F. App'x 650, 655 (6th Cir. 2007); *Scholes v. Schroeder*, 744 F.Supp. 1419, 1421 (N.D.Ill.1990); *see also Cotton v. Republic Nat'l Bank of Dallas*, 395 S.W.2d 930, 941 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.); *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 190 (5th Cir. 2013); *Javitch v. First Union Secs., Inc.* 315 F.3d 619, 625 (6th Cir. 2003); *Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955, 966 (5th. Cir. 2012). These third-party claims are personal to the investor, and they alone may bring them. *See Cotton*, 395 S.W.2d at 941.

When a receiver sues for the entity's claims, the receiver generally stands in the shoes of that entity, possessing no greater rights than the entity had and subject to any agreements the entity entered.[5] *Javitch,* 315 F.3d at 625; c*f. Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1153-54 (3d Cir.1989) (when bankruptcy trustee asserts claims derivative of debtor's rights, he is subject to debtor's agreement to arbitrate). A receiver is

---

[4] Crawford agrees that any recovery he might obtain on the claims would become property of the estate, but he does not concede the claims themselves are receivership property. That issue is not pertinent to our resolution of this appeal.

We also note that a receiver is an officer of the court, not a representative of the parties. *See Sec. Trust Co. of Austin v. Lipscomb County*, 142 Tex. 572, 584, 180 S.W.2d 151, 158 (1944). "He is a disinterested party, the representative and protector of the interests of all persons, including creditors, shareholders and others, in the property in receivership." *Id.* (citing Clark on Receivers, 2d Ed., Vol. 1, pp. 33-37, ss 34-38, p. 43, s 45; 45 Am.Jur. pp. 106-111, ss 126-130.)

[5] Even so, when a receiver brings claims of a receivership entity, he does not necessarily stand in the entity's shoes for all purposes. *F.D.I.C. v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995) (while receiver generally occupies the same position as the entity he represents, certain defenses based on the entity's unclean hands or inequitable conduct do not generally apply against the entity's receiver); *see also Scholes*, 56 F.3d at 753–55 (the defense of in pari delicto does not apply to receiver even if it would apply to entity); *Jones,* 666 F.3d at 966.

therefore bound to a receivership entity's agreement to arbitrate if the entity would have been subject to that agreement.[6]  *See Javitch*, 315 F.3d at 627.

Here, however, Crawford is not asserting standing based on his capacity as receiver, but on the investors' unconditional assignments.  *Cf. Oakes v. Lake*, 290 U.S. 59, 62-63 (1933) (holding limitations generally applicable to a foreign receiver's authority to bring claims outside his jurisdiction do not apply when receiver brings claims based on assignments).  FXCM does not challenge the validity of the assignments or indeed contest that Crawford had standing to bring the claims.  *Vt. Agency of Nat. Resources & U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) ("an assignee of a claim has standing to assert the injury in fact suffered by the assignor"); *see also in re Bogdan*, 414 F.3d 507, 512 (4th Cir. 2005) (unconditional assignments gave bankruptcy trustee standing to prosecute creditors' claims).  Indeed, if Crawford lacked standing, FXCM's remedy would not be enforcement of Revelation's contract against him, but dismissal of the claims for want of jurisdiction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Finally, we cannot agree with FXCM to the extent it suggest that the capacity in which Crawford brought the assigned claims dictates the rights and remedies applicable to those claims. Instead, under well-settled principals that govern assignments, Crawford acquired all the rights the investors' had, including the right to bring this suit in Texas state court.

---

[6] However, the receiver is not necessarily bound to such agreements when brining claims of other parties.  *See Javitch*, 315 F.3d at 627 n. 7.

Therefore, we affirm the trial court's order denying FXCM's motion to compel arbitration and deny its petition for writ of mandamus.


 

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

140341F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FOREX CAPITAL MARKETS, LLC,
Appellant

No. 05-14-00341-CV     V.

KELLY M. CRAWFORD, Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-00075-2014.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Brown
participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant Forex Capital Markets, LLC motion to compel arbitration.

We **ORDER** appellee KELLY M. CRAWFORD recover his costs of this appeal from appellant FOREX CAPITAL MARKETS, LLC.

Judgment entered this 31st day of December, 2014.