Leilani Hansard HAUPT, Appellant,

v.

Colbert COLDWELL, Appellee.

No. 6340.

Court of Civil Appeals of Texas, El Paso.

Sept. 26, 1973.

Paxson & Santiesteban, Marshall I. Yaker (Marshall I. Yaker) El Paso, for appellant.

Wellington Y. Chew, Colbert Coldwell, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from summary judgment granted to Colbert Coldwell, the payee of a promissory note in the principal amount of $8,000.00 which he alleged to have been lost or stolen from his possession. The judgment of the trial Court is reversed and the cause remanded.

Plaintiff's petition was in two counts, the first being in the conventional form of a suit on a promissory note. It appears from the judgment that it was on this count that the final judgment was granted and our consideration on this appeal is limited thereto. The count further alleged that the note "has been either lost or stolen from the office of Plaintiff." An unverified copy of the note was attached as Exhibit A. The motion for summary judgment filed by the Plaintiff was in general form and without stating the specific grounds therefor as now required by Rule 166–A(c), Texas Rules of Civil Procedure. The summary judgment proof consisted of

the affidavit of the Plaintiff which, after referring to the petition, stated: "the cause of action (or in the alternative, the debt) therein alleged is just." A further affidavit in support of the motion was made by the Plaintiff's secretary and was to the effect that she wrote the note in question and "It was my understanding at that time, and is now, that Mr. Coldwell was making a loan to LEILANI HANSARD HAUPT in the amount of $8,000.00 whereby she was purchasing 49% of IDEAS INTERNATIONAL. * * * I gave the . . . note that I had typed up described above to Mr. Coldwell and did not see it again." She did not witness the execution of the note.

■ Considering only the force of the general denial which was filed, the Supreme Court has repeatedly held that a plaintiff suing on a promissory note must prove by the summary judgment evidence that he is the owner and holder of the note. Attaching the original note is the more desirable practice because possession is at least evidence of the present ownership of the note. But Rule 166–A(e) can be complied with by attaching a sworn or certified copy of the note to a proper affidavit. If the sworn or certified copy method is used, then the motion or affidavit should clearly evidence that the plaintiff is the present owner and holder and in possession of the note. Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup.1970); Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971); Texas National Corporation v. United Systems International, Inc., 493 S.W.2d 738 (Tex.Sup.1973). The issue as to one being the present owner and holder of the note is raised by the general denial. "The purpose of requiring production of the instrument is to show that the instrument has not been transferred or assigned to another; in other words, that the plaintiff is the then holder." Blair v. Halliburton Company, 456 S.W.2d 414 (Tex.Civ.App.—El Paso 1970, no writ).

■ The conclusions contained in the affidavit of the Plaintiff are not competent evidence to support a summary judgment and the hearsay statements of the secretary are likewise valueless. Hidalgo v. Surety Savings and Loan Association, 487 S.W.2d 702 (Tex.Sup.1972); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961).

■ It might be added that a person claiming to be the owner of a lost instrument is not a "holder" since he is not in possession of the paper. He has no rights as a holder. Tex.Bus. & Comm.Code Ann. Secs. 1.201(20) and 3.301; 9 Tex.Jur. 2d Rev., Bills and Notes, Sec. 330, p. 364. Because of this and the requirement that the summary judgment proof establish that a plaintiff be the owner and holder of the note, we doubt that this case can ever be disposed of by summary judgment. The Uniform Commercial Code does provide for recovery to the owner of a note who might be in the Plaintiff's position, but there the trial Court may require security indemnifying the defendant against loss by reason of further claims on the instrument. Tex.Bus. & Comm.Code Ann. Sec. 3.804.

For the reasons stated the case is reversed and remanded.