**Grover J. GEISELMAN, III, and Grover J. Geiselman, III, Family Partnership, Appellants,**

v.

**CRAMER FINANCIAL GROUP, INC., Appellee.**

**No. 14–96–00265–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 1997.

Rehearing Overruled Oct. 30, 1997.

**534**

Brandon W. Beasley, Houston, for appellants.

Dan Krocker, Houston, for appellee.

Before LEE, AMIDEI and O'NEILL, JJ.

## OPINION

AMIDEI, Justice.

Grover J. Geiselman, III, and Grover J. Geiselman, III, Family Partnership (Geiselman) appeal a summary judgment rendered in favor of appellee, Cramer Financial Group, Inc. (Cramer). Cramer sued Geiselman on the photocopies of two promissory notes payable to a failed bank; the notes were subsequently assigned to Cramer by FDIC acting in its corporate capacity. In five points of error, appellant contends the trial court erred in granting the motion for summary judgment because (1) there are disputed material fact issues concerning ownership of the notes; (2) the affidavits of lost notes of Kathryn G. Pappas are not based upon personal knowledge and are conclusory; (3) the affidavit of Roger Green is not based on personal knowledge and is conclusory; (4) Cramer did not prove it was the holder and owner of the notes; and (5) appellants raised a fact issue as to their affirmative defense of limitations. We reverse and remand.

## I. BACKGROUND

Appellants executed two unsecured, promissory notes to the First RepublicBank Houston (Bank), both dated July 1, 1988, and both in the original principal sum of $40,000.00. Both notes showed a maturity date of July 1, 1993. The bank failed and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver on July 28, 1988. FDIC, acting as a receiver, transferred the notes to NationsBank on July 29, 1988. On November 30, 1991, NationsBank transferred the notes back to FDIC. On July 28, 1994, FDIC–Corporate transferred the notes to Cramer and Cramer sued appellants on photocopies of the notes on August 25, 1995. Cramer's motion for summary judgment included affidavits of its vice president, Roger Green, and Kathryn G. Pappas of AMRESCO Management, which allege the original notes were lost, stolen or inadvertently destroyed. The affidavit of Roger Green states Cramer does not have possession of the original notes and refers to the affidavit of Kathryn G. Pappas as evidence that the original notes were lost, stolen or inadvertently destroyed.

## II. SUMMARY JUDGMENT

In point of error one, appellants contend the trial court erred in granting the motion for summary judgment because there are disputed material fact issues concerning ownership of the notes. Appellants argue Cramer did not possess the original notes and failed to prove it is entitled to judgment as a matter of law on copies of the original notes alleged to be lost, stolen or destroyed. Appellants made this objection in their response to Cramer's motion for summary judgment and alleged the summary judgment evidence produced by Cramer was insufficient to sustain a summary judgment. Appellants argue in points two, three, and four, the summary judgment evidence of Cramer is based on defective affidavits of Kathryn G. Pappas and Roger Green which were not competent summary judgment evidence. Since points of error one, two, three, and four deal with the material fact issue of ownership and proof of the facts preventing production of the original notes, we will discuss them together.

### A. Standard of Review.

■ The summary judgment movant has the burden of establishing by competent summary judgment proof, that as a matter of law, there is no genuine issue of material fact

as to one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). When a plaintiff moves for summary judgment, the plaintiff must show entitlement to prevail on each element of the cause of action. *Al's Formal Wear of Houston, Inc. v. Sun*, 869 S.W.2d 442, 444 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The plaintiff must produce evidence sufficient to support an instructed verdict at trial. *Id.* The standards in reviewing summary judgment evidence are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994).

**B. Timeliness of Appellants' Response to Cramer's Motion for Summary Judgment.**

Before considering appellants' points of error, we must determine if appellants' response to Cramer's motion for summary judgment was timely filed. Appellee replied to appellants' point of error one alleging the appellants' response to Cramer's motion for summary judgment was untimely in that it was not filed within seven days of the hearing and was not considered by the trial court. Tex.R. Civ. P. 166a(c). The record shows the hearing on Cramer's motion for summary judgment was held on November 7, 1995, and appellants' response to Cramer's motion for summary judgment was date-stamped by the clerk November 2, 1995. Appellants' certificate of service shows they mailed their response October 31, 1995, which was the last day for filing a timely response as calculated under Rule 4, Texas Rules of Civil Procedure (the date of the filing is not included in calculating the time period; the date of the hearing is included). Cramer did not raise the issue of timeliness or otherwise object to appellants' response in the trial court.

■ Under rule 166a(c), Texas Rules of Civil Procedure, issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as ground for reversal. Cramer has waived its contention that appellants' response to its motion for summary judgment was untimely by failing to raise this issue in the trial court in writing before or during the hearing on the motion. *Archambault v. Archambault*, 846 S.W.2d 359, 361 (Tex.App.—Houston [14th Dist.] 1992, no writ).

Furthermore, in *Clendennen v. Williams*, 896 S.W.2d 257, 259 (Tex.App.—Texarkana 1995, no writ), the court of appeals held the "mailbox" rule (Rule 5, Texas Rules of Civil Procedure) applies to filing a response to a summary judgment motion. *Id.* Rule 5 provides, in pertinent part:

If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

■ By mailing their response to the motion for summary judgment on October 31, 1995, set for a hearing on November 7, 1995, appellants timely filed their response to appellee's motion for summary judgment within seven days of the hearing pursuant to Rule 166a. *Clendennen*, 896 S.W.2d at 259. The record also affirmatively indicates the trial court considered appellants' response in its order overruling appellants' response to appellee's motion for summary judgment stating, in pertinent part:

On the 7th day of November, 1995, the Court *heard* Plaintiff's Motion for Summary Judgment and Defendants' Response and Special Exceptions to Plaintiff's Motion for Summary Judgment.... *The Court, after examining the pleadings and the summary judgment evidence and hearing the arguments of counsel hereby OVERRULES each and every objection*

*and special exception raised in Defendants' Response and Special Exceptions to Plaintiff's Motion for Summary Judgment* (emphasis added).

The trial court's order affirmatively indicates the trial court did consider the response timely filed. Therefore, the presumption that the court did not consider an untimely response does not apply to this case. *See Goswami v. Metropolitan Sav. and Loan Ass'n*, 751 S.W.2d 487, 490 n. 1 (Tex.1988); *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985). Cramer's reply point one claiming untimely response by appellants to Cramer's motion for summary judgment is overruled.

### C. Applicable Law.

■ To recover on a promissory note, the plaintiff must prove: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note. *Bean v. Bluebonnet Savings Bank FSB*, 884 S.W.2d 520, 522 (Tex. App.—Dallas 1994, no writ). An owner may recover on a lost promissory note by proving the note is lost and the terms of the obligations. *Id.;* TEX. BUS & COM.CODE ANN. § 3.804 (repealed, now TEX. BUS & COM.CODE ANN. § 3.309 (Vernon 1996)). On motion for summary judgment, in an action on a note, if the original of a negotiable note is not attached and brought before the court, a sworn or certified copy must be attached. *Perkins v. Crittenden*, 462 S.W.2d 565, 566 (Tex. 1970). The supreme court stated, in pertinent part, in *Perkins:*

> a function of the required affidavit and the sworn or certified copy of the note is to furnish some reliable proof of the allegations of the plaintiff's petition including the ownership of the note and to evidence that he is the holder of the note.
>
> \* \* \* \* \* \*
>
> There is good reason for requiring, as Rule 166–a(e) does, that if the original of a negotiable promissory note is not attached and brought before the court, that a sworn or certified copy be attached. If only an unverified copy is attached, the original may be somewhere else in the hands of an innocent holder; and the general denial of the defendant places the burden on the plaintiff to prove that he is the owner or holder of the note. Otherwise, the maker may have to pay the same note twice.

*Id.* at 566–67.

### D. Summary Judgment Evidence.

■ 1. **Pappas Affidavit.** Appellants argue the notes are copies and Cramer's evidence is insufficient to show that the subject notes are lost, stolen or inadvertently destroyed. Appellants argue the affidavit of Kathryn G. Pappas stating the originals were lost, stolen or inadvertently destroyed is conclusory. Appellants also argue the Pappas affidavit is incompetent summary judgment evidence because it was not made on personal knowledge. We agree.

The affidavits of Ms. Pappas that were attached to the note copies in this case provided, in pertinent part:

> ON THIS 3rd day of June, 1994, BEFORE ME, the undersigned authority, personally appeared KATHRYN G. PAPPAS, known to me to be a credible person of lawful age, who being duly sworn, on oath deposed and stated:
>
> 1. I am over eighteen (18) years of age and am fully competent to make this affidavit.
>
> \* \* \* \* \* \*
>
> 2. I am employed by AMRESCO Management, Inc. ("AMI") as Manager of Processing for the special asset loan portfolio serviced by AMI on behalf of the FDIC. In such capacity, I am responsible for the management of computerized records maintained by AMI to service loans which are part of the special asset loan portfolio formerly owned by NationsBank of Texas, N.A. which have been assigned to the Federal Deposit Insurance Corporation (The "FDIC").
>
> \* \* \* \* \* \*
>
> 5. I have caused a search to be made for said Note, and the Note has not been located. To the best of my knowledge, I have concluded the Note has been lost, stolen or inadvertently destroyed.

The Pappas affidavit is incompetent summary judgment evidence because it does not state that the affiant has personal knowledge of the facts set forth. In paragraph 2, Pappas attests to her duties as an AMRESCO agent but fails to state she has personal knowledge of the facts *because* of her duties. *See Fimberg v. FDIC,* 880 S.W.2d 83, 85 (Tex.App.—Texarkana 1994, writ denied) (affidavit of AMRESCO agent that she had personal knowledge of the facts *because* of her duties). The affidavit states only that the affiant is over the age of eighteen years and is "fully competent" to make the affidavit. Rule 166a(f), Texas Rules of Civil Procedure, requires that "[s]upporting and opposing affidavits *shall be made on personal knowledge,* shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." (emphasis added). Since the Pappas affidavit did not recite affirmatively that it was made on the personal knowledge of the affiant, the court should not have considered it in ruling on Cramer's motion for summary judgment. *Elder v. Bro,* 809 S.W.2d 799, 800 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

Furthermore, the fifth paragraph of the Pappas affidavit provides the testimony is made "to the best of my knowledge." This is no evidence at all of facts preventing the production of the original note in this case. *Campbell v. Fort Worth Bank and Trust,* 705 S.W.2d 400, 402 (Tex.App.—Fort Worth 1986, no writ). As stated above, rule 166a, Texas Rules of Civil Procedure, requires affidavits to be made on personal knowledge. *Id.*

Section 3.804, Texas Business and Commerce Code, effective at the time this action commenced on August 25, 1995, provided, in pertinent part:

> The *owner* of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable upon due proof of his ownership, *the facts which prevent his production of the instrument* and its terms. The court may require security indemnifying the defendant against loss by reason of further claims on the instrument (emphasis added).

The Pappas affidavit does not account for the loss of the original note as required by former section 3.804 (now, section 3.309, Texas Business and Commerce Code). *Bean,* 884 S.W.2d at 522. The purpose of requiring production of the instrument is to show that the instrument has not been transferred or assigned to another. *Haupt v. Coldwell,* 500 S.W.2d 563, 565 (Tex.Civ.App.—El Paso 1973, no writ). The Pappas affidavit is defective because it is not based on personal knowledge of the facts stated and is no evidence of the matters stated therein.

■ **2. Green Affidavit.** Likewise, the affidavit of Roger Green, Vice President of Cramer, is incompetent summary judgment evidence. The affidavit recites: "Plaintiff is the legal owner of said Notes." There is no testimony in the affidavit to account for the loss or destruction of the original notes. The only reference to the possession of the original notes recites: "Although the Plaintiff does not have possession of the original Notes, the Plaintiff has possession of the supporting Bank file and FDIC file. Pursuant to the two Affidavits of Lost Notes dated June 3, 1994, by Kathryn G. Pappas of AMRESCO Management, Inc., the Notes are lost, stolen or inadvertently destroyed." The Bank file and FDIC file were not in evidence at the trial. These statements are conclusions that (1) Cramer is the owner of the notes, and (2) the originals were lost, stolen or inadvertently destroyed. Conclusions are not competent evidence to support summary judgment. *Hidalgo v. Surety Savings and Loan Association,* 487 S.W.2d 702, 703 (Tex. 1972).

Green further testified he had personal knowledge of the facts by "personal participation, involvement and witnessing the facts" and/or from a review of records kept in the ordinary course of business. He testified the notes were "maintained in the regular course of business by the Plaintiff and its Predecessor." Green does not identify the "predecessor" that kept these records and there were four predecessors (the failed bank (First RepublicBank); FDIC–Receiver; NationsBank; FDIC–Corporate). He stated he

reviewed the books and records of Cramer, "which books and records ... meet the requirements stated in the preceding paragraphs." The "preceding paragraphs" state *generally* what Cramer does when they buy *any* notes from FDIC and does not state what *specific* records he reviewed in this case. Cramer did not submit the records of the failed bank (First RepublicBank) showing a transfer of the notes to FDIC–Receiver by agreement. The purported allonge (i.e., "a paper ... firmly affixed" to the instrument for the purpose of indorsements is called an allonge. TEX. BUS & COM.CODE ANN. § 3.202(b) cmt. 3 (Vernon 1968 & Supp. 1995)) attached to the photocopies, showing indorsements from various assignees, does not show a transfer and assignment to FDIC–Receiver from First RepublicBank (the failed bank). Cramer did not submit the records of *any* "predecessor" supporting the transfers from one bank to the next. Therefore, the notes would not be admissible as a business record exception to the hearsay rule (TEX.R. CIV.EVID.803(6)) because Cramer did not verify the underlying records of any *specific* "predecessor" by testimony that the information contained in the records was made at or near the time by, or from information transmitted by, a person with knowledge as to the underlying records. *Sholdra v. Bluebonnet Sav. Bank, FSB*, 858 S.W.2d 533, 535 (Tex.App.—Fort Worth 1993, writ denied).

To be admissible in evidence as photocopies of the original notes, the Green affidavit must verify that the notes are true and correct copies of the originals from his own personal knowledge gained from sources other than the unverified records of its predecessors. Green testified that the notes were true and correct copies which arguably would satisfy the requirement of a "sworn copy" within the meaning of rule 166a(e). *Life Insurance Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 380 (Tex.1978). However, Green also testified Cramer does *not* have the original notes and that they were "lost, stolen or inadvertently destroyed" as set out in the defective Pappas affidavits. There is nothing in the record to indicate what, if anything, happened to the original notes or which bank had them when they were allegedly lost, stolen or inadvertently destroyed.

Thus, Green's affidavit is internally inconsistent because Green testified the notes were true and correct but did not affirmatively indicate how he personally knew this fact. He testified the notes were never in Cramer's possession and did not state he ever compared the original notes with the photocopies or otherwise state how he personally knew the photocopies were true and correct copies of the original notes.

**E. Application of the Law to the Facts.**

 As to the original transfer of the notes to FDIC–Receiver, Green testified FDIC was appointed receiver of First RepublicBank and then concludes: "[i]n accordance with the Notes and all applicable law, the FDIC thereby became the rightful legal owner of said Notes." Green stated no facts indicating he personally knew the notes were among the assets of First RepublicBank when it went into receivership. He did not describe how he determined FDIC became the "legal owner" of the notes. There is nothing in this record indicating Green was personally familiar with the notes at the failed bank or with their transfer to FDIC as was the case in *Christian v. University Fed. Sav. Ass'n*, 792 S.W.2d 533 (Tex.App.—Houston [1st Dist.] 1990, no writ) cited as authority by Cramer. Cramer has not conclusively proven its cause of action because it has not proven, *as a matter of law*, that it is the note's *owner*. *Priesmeyer v. Pacific Southwest Bank, FSB*, 917 S.W.2d 937, 940 (Tex. App.—Austin 1996, no writ) (bank president's affidavit was insufficient to establish that acquiring bank was note's "owner," absent any facts showing vice president's personal knowledge that note was among assets of bank when it failed and was transferred by FSLIC to acquiring bank). Furthermore, Cramer is not a "holder" because they do not have possession of the original notes. *Jernigan v. Bank One, Texas, N.A.*, 803 S.W.2d 774, 776 (Tex.App.—Houston [14th Dist.] 1991, no writ).

In a recent case, the Amarillo Court of Appeals held a payee bank could not recover under former section 3.804, Texas Business and Commerce Code (cited in this opinion), as owner of a lost note because it did not

have possession of the original note prior to the claimed loss. *Western Nat. Bank v. Rives,* 927 S.W.2d 681, 685 (Tex.App.—Amarillo 1996, writ denied). In that case, the original payee (Rives) signed a "transfer of lien" to Western National Bank (WNB) and WNB renewed and extended the original note from the maker (Hickman) to Rives. Rives did not indorse the original note and deliver it to WNB. WNB sued Rives to compel her to endorse the note to WNB pursuant to former section 3.201(c), Texas Business and Commerce Code, which provided:

> (c) Unless otherwise agreed any transfer for value of an instrument not then payable to bearer gives the transferee the specifically enforceable right to have the unqualified indorsement of the transferor. Negotiation takes effect only when the indorsement is made and until that time there is no presumption that the transferee is the owner.

In the same suit, WNB sued Rives for payment of the note as an unqualified indorser of the note. WNB alleged it was the owner of the note and lien pursuant to the "transfer of lien" and the original note was lost and it claimed under section 3.804, Texas Business and Commerce Code. The court of appeals held, in pertinent part:

> Though no prior Texas court has agreed or disagreed with this interpretation of § 3.804 [Texas Business and Commerce Code], it, nevertheless, appears that the legislature adopted it. In recodifying the provision under § 3.309 of the amended Code, that body declared that "a person who *is not in possession* of an instrument is entitled to enforce" it if he *"was in possession* ... and entitled to enforce it when loss ... occurred." *Tex. Bus. & Comm.Code Ann.* § 3.309(a)(1) (Vernon Supp.1996) (emphasis added). Given this, the decisions of neighboring jurisdictions as expressed in *Billingsley [v. Kelly,* 261 Md. 116, 274 A.2d 113 (1971) ] and the statutory directive that uniform acts be construed to make uniform the law of those states that enact it, *Tex. Gov.Code Ann.* § 311.028 (Vernon 1988), we also

read § 3.804 to require possession by the claimant prior to loss or destruction.

*Id.* at 685.

In this case, there was no summary judgment proof that Cramer ever had possession of the original notes prior to their alleged loss or destruction. *Id.* We find the affidavits of Pappas and Green are not competent summary judgment evidence and genuine issues of material fact exist concerning Cramer's ownership of the notes. Appellants' points of error one, two, three, and four are sustained.

## III. APPELLANTS' AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS

In point of error five, appellants contend the trial court erred because the appellants asserted the affirmative defense of limitations in their answer and response and provided summary judgment evidence to raise a fact issue thereon. Attached to appellants' response was the affidavit of Grover J. Geiselman, III, which stated, "In June of 1991, I received notice of default and acceleration of the subject notes from AMRESCO." Appellee filed suit on August 25, 1995. Appellants argue that the four-year state statute of limitations applied. Appellants contend they raised the issue of default and acceleration as occurring in June of 1991, and a fact issue was raised as to their affirmative defense of limitations. It is appellants' contention that suit had to be filed not later than "the end of June in 1995" to avoid being barred by the four-year Texas statute of limitations, TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986 & Supp.1997). Appellee argues in its brief that the notes had a maturity date of July 1, 1993, and appellants failed to prove the notes had been accelerated because their affidavit attached to their response was conclusory.

■ Cramer did not file a response to appellants' response to Cramer's summary judgment motion objecting to the defect in the Geiselman affidavit as being conclusory. Cramer complained of the appellants' affidavit for the first time in its response to appellants' motion for new trial. Summary judgment evidence must be submitted, at the

latest, by the date summary judgment was rendered. By failing to respond to the appellants' response to Cramer's motion for summary judgment, Cramer has waived its claim concerning defects in the Geiselman affidavit. *McConnell v. Southside Ind. School Dist.*, 858 S.W.2d 337, 343 (Tex.1993); *Priesmeyer*, 917 S.W.2d at 939.

Appellants argue that the reacquisition of the notes by FDIC–Corporate was after the receivership was concluded and the notes were not in default when FDIC–Receiver first transferred the notes to NationsBank in 1988; therefore, appellants contend the six-year limitation period of FIRREA does not apply.

■■■■■■ FIRREA provides, in pertinent part, that "the applicable statute of limitations with regard to any action brought by the [FDIC] as conservator or receiver shall be ... the 6–year period beginning on the date the claim accrues." 12 U.S.C. § 1821(d)(14)(A). An assignee of the FDIC enjoys the six-year limitations period if the note is in default either before the FDIC acquired the note or during its ownership of the note.[1] *Cadle Co. v. 1007 Joint Venture*, 82 F.3d 102, 105 (5th Cir.1996)(*1007 JV*); *Federal Deposit Ins. Corp. v. Bledsoe*, 989 F.2d 805, 810 (5th Cir.1993). *See also Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994), *cert. denied*, 513 U.S. 872, 115 S.Ct. 196, 130 L.Ed.2d 127 (1994). In the present case, the FDIC reacquired the notes in November of 1991, and did not transfer the notes again until July of 1994. Thus, whether the default occurred in June of 1991, as alleged by appellants, or at maturity in 1993, the FDIC owned the notes during default. In either event, the six-year statute of limitations applied.

■■■■ Appellants argue that FDIC bought the notes from NationsBank in 1991 acting in its corporate capacity and not as a "conservator or receiver," as required by FIRREA.

FIRREA provides, in relevant part, that "the applicable statute of limitations with regard to any action brought by the [FDIC] *as conservator or receiver* shall be...." Appellants argue that FDIC bought the notes the second time from NationsBank in its corporate capacity and therefore the six-year limitations period acquired by FDIC-receiver in 1988 does not apply under *1007 JV*. We disagree.

12 U.S.C. 1823(d)(3)(a) provides in pertinent part:

(d) SALE OF ASSETS TO CORPORATION.

(3) RIGHTS AND POWERS OF CORPORATION. .

(a) IN GENERAL. With respect to any asset acquired or liability assumed pursuant to this section, the Corporation shall have all of the rights, powers, privileges, and authorities of the Corporation *as receiver* under sections 1821 and 1825(b) of this title (emphasis added).

Section 1823(d)(3)(a) gives FDIC corporate the same rights and powers as FDIC receiver under § 1821, including § 1821(d)(14)'s six-year statute of limitations. *Federal Deposit Ins. Corp. v. Howse*, 736 F.Supp. 1437 (S.D.Tex.1990). We overrule appellants' point of error five.

We reverse and remand this case for trial.

O'NEILL, J., concurs in the result only.

---

1. The purported "indorsement" to Cramer from FDIC–Corporate on the allonge attached to the photocopies of the notes states: "Pay to the order of Cramer Financial Group, Inc., Without Recourse, Representation or Warranty, *except as provided in Paragraph 14 of the Loan Sale Agreement between the undersigned and the party named above* (emphasis added)." The record

does not contain the "Loan Sale Agreement" referenced and we cannot determine if this agreement is a limited assignment which did *not* convey the right to the six-year federal statute of limitations as was the case in *Cadle Co. v. Estate of Weaver*, 897 S.W.2d 814, 817–18 (Tex.App.— Dallas 1994, writ denied), *cert. denied*, 514 U.S. 1128, 115 S.Ct. 2002, 131 L.Ed.2d 1003 (1995).