NO. 07-03-0313-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 21, 2004



______________________________




PETRO EXPRESS, LTD. AND WILLIAM BOBBORA, APPELLANTS



V.



HORKEY OIL COMPANY, INC., APPELLEE




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-519,035; HONORABLE ANDREW J. KUPPER, JUDGE



_______________________________






Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellants Petro Express, Ltd. and William Bobbora challenge an order denying their
bill of review by which they seek to set aside a final judgment that appellee Horkey Oil
Company, Inc. recover $400,000 plus attorney's fees and interest. Presenting a sole issue,
Petro and Bobbora contend they established a meritorious defense to Horkey's suit on a
$400,000 note executed by Petro and guaranteed by Bobbora and others who are not
parties here. Although we agree that the threshold requirement of a meritorious defense
was established, we affirm the denial of the bill of review.

 On February 8, 1999, Petro executed and delivered an unsecured promissory note
payable to Horkey in the principal amount of $400,000 bearing nine per cent interest. On
that same date, Bobbora and others executed a written guaranty agreement for payment
of the note to the holder of the note. After Petro defaulted, Horkey filed suit against Petro,
Bobbora, and others seeking judgment on the note and based on the guaranty agreement. 
In response to Horkey's request for admissions, among other admissions, Petro and
Bobbora's former attorney responded that the copy of the note and guaranty agreement
were true and correct copies. 

 Thereafter, referencing Petro and Bobbora's admissions and other matters, by its
second motion pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure, commonly
denominated a no-evidence motion, Horkey sought summary judgment on the note and
guaranty agreement. The motion was supported by Joe Horkey's affidavit, as president of
Horkey, which, as material here, recited that the attached note was a true and correct copy,
the corporation was the holder of the note and Bobbora's written guaranty, and provided
the outstanding balance. After considering the evidence, the trial court rendered judgment
that Horkey recover $400,000 plus attorney's fees and interest against Petro and Bobbora. 
Petro and Bobbora's former attorney filed a notice of appeal together with an unopposed
motion to extend the time for filing the notice. Thereafter, in cause number 07-02-0119-CV,
by order of November 7, 2001, this Court dismissed the appeal for want of jurisdiction and
failure to comply with the Texas Rules of Appellate Procedure, specifically by not complying
with a notice from the Clerk of this Court for payment of the required filing fee and motion
fee. This Court further rendered Petro and Bobbora's motion to dismiss moot.

 In a severed proceeding against another guarantor, after requesting to examine the
original promissory note, on or about June 20, 2002, other counsel discovered that the note
and guaranty agreement had been transferred by Horkey to Plains National Bank pursuant
to a commercial security agreement to secure payment of a note of Joe Horkey,
individually. Accordingly, on August 19, 2002, Petro and Bobbora filed this bill of review
in a separate cause number. Following Horkey's answer, on May 30, 2003, substituted
counsel for Petro and Bobbora and counsel for Horkey appeared and announced ready to
proceed with an evidentiary hearing on the bill of review. By order signed July 1, 2003, the
trial court denied the bill of review.

Bill of Review (2)


 A bill of review is an equitable proceeding to set aside a judgment that is not void
on the face of the record but is no longer appealable or subject to a motion for new trial. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). A bill of review is proper
where a party has exercised due diligence to prosecute all adequate legal remedies against
a former judgment and at the time the bill of review is filed, there remains no such adequate
legal remedy still available because through no fault of the proponent, fraud, accident, or
mistake precludes presentation of a meritorious claim or defense. Id. To be successful in
a bill of review, the plaintiff must allege and prove:


 a meritorious defense to the cause of action alleged to support the
judgment;
 which fraud, accident, or the opposing party's wrongful act prevented
him from presenting; and
 without any fault or negligence of his own. 



Id. at 752.

 

 Whether a meritorious defense has been established is a question of law for the
court to determine as a preliminary issue. See Baker v. Goldsmith, 582 S.W.2d 404, 409
(Tex. 1979); McDaniel v. Hale, 893 S.W.2d 652, 669 n.33 (Tex.App.-Amarillo 1994, writ
denied). We review questions of law de novo. St. Joseph Hosp. v. Wolff, 94 S.W.3d 513,
525 (Tex. 2003). If the court does not find that a prima facie meritorious defense has been
established, dismissal is proper; otherwise, the court will proceed to trial. See Martinez v.
Tex. Dept. of Protective & Reg., 116 S.W.3d 266, 270 (Tex.App.--El Paso 2003, pet.
denied).

 Because Rule 296 of the Texas Rules of Civil Procedure provides for requests for
findings of facts and conclusions of law in any case, before we address Petro and
Bobbora's issue, we must first consider the appropriate standard of review of a judgment
following a non-jury trial where the trial court did not make any findings of fact or
conclusions of law and a reporter's record has been provided. (3) In such a case, the
appellate court presumes the trial court found all fact questions in support of its judgment
and must affirm that judgment on any legal theory supported by the pleadings and
evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). When
a reporter's record has been provided, the implied findings may be challenged for legal and
factual insufficiency "the same as jury findings or a trial court's findings of fact." Roberson
v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). In that regard, when making a legal
sufficiency determination, we consider only the evidence most favorable to the implied
findings of fact and disregard all contradictory evidence. Burnett v. Motyka, 610 S.W.2d
735, 736 (Tex. 1980). In considering whether the evidence is factually sufficient to support
the implied findings, we consider and weigh all the evidence, including any evidence
contrary to the trial court's judgment. Id. 

 By their only issue, Petro and Bobbora contend they established a meritorious
defense as a matter of law. We agree.

 Because the evidence demonstrated that Horkey was not the holder of the
promissory note and the guaranty at the time judgment was signed, it was not entitled to
enforce payment. See Tex. Bus. & Com. Code Ann. § 3.301 (Vernon 2002). Although a
general denial puts in issue the allegations in the pleadings in a suit to recover on a
promissory note, a plaintiff can discharge its burden by producing and introducing the
original note into evidence. See Derbigny v. Bank One, 809 S.W.2d 292, 294 (Tex.App.--Houston [14th Dist.] 1991, no writ). Production of the note is required to prove ownership
and that it has not been assigned or transferred to another. Haupt v. Coldwell, 500 S.W.2d
563, 565 (Tex.Civ.App.--El Paso 1973, no writ). Accordingly, we conclude Petro and
Bobbora had a meritorious defense to the motion for summary judgment if properly
presented.

 Our disposition of this case, however, does not cease with this determination. Petro
and Bobbora contend the remaining elements for a bill of review are not properly before the
court; (4) however, the notice of appeal was directed to the final judgment signed on July 1,
2003, and not the letter from the trial court dated June 26, 2003, that instructed counsel for
Horkey to prepare an "appropriate order." After the hearing, by letter dated June 26, 2003,
the trial court notified counsel it was of the opinion that Petro and Bobbora had not
established a meritorious defense and denied the bill of review. The order provided in part:

 The Court, after reviewing the evidence and hearing the argument of
counsel, is of the opinion that Plaintiffs have failed to carry their burden to
establish the elements necessary to prevail on their Bill of Review. Therefore,
the Bill of Review is denied.

 All relief requested in this case and not expressly granted is denied. 
This judgment finally disposes of all parties and claims and is appealable.


Also, among other things, the reporter's record shows that counsel for Petro and Bobbora
argued the second and third elements at trial. We conclude the provisions of the judgment
are controlling for these purposes, notwithstanding the June 26 letter.

 In addressing the second and third elements of a bill of review, Petro and Bobbora
contend they were prevented from making their defense because of fraud, accident,
wrongful act, or mistake of Horkey and through no fault of their own. They also argue the
judgment was unjust and the product of fraud because it was based on Horkey's false
affidavit provided in support of the motion for summary judgment. However, a judgment
based upon false swearing is not a ground for setting aside a judgment. See Tice v. City
of Pasadena, 767 S.W.2d 700, 702-03 (Tex. 1989); Crouch v. McGaw, 134 Tex. 633, 138
S.W.2d 94, 96 (1940).

 Focusing on the requirements of diligence and the absence of negligence on the part
of Petro and Bobbora, we note that by not timely filing their appeal from the judgment, the
requirement of diligence was not satisfied. See French v. Brown, 424 S.W.2d 893, 895
(Tex. 1967). Further, notwithstanding section 3.301 of the Business and Commerce Code,
and the rule that a general denial will compel the party seeking to recover on a note to
produce it, it appears that Petro and Bobbora's former counsel caused the admissions to
be made without conducting any discovery. As no evidence or argument was presented
to suggest that even limited discovery was prevented by the fraud or wrongful act of
Horkey, we conclude the presumed finding against the absence of negligence is supported
by the evidence. Petro and Bobbora's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. See W. Wendell Hall, Standards of Review, 34 St. Mary's L.J. 209 (2002).
3. Findings of fact and conclusions of law were not requested by either party.
4. A bill of review which does not dispose of the entire case is interlocutory and not
appealable. See Jordan v. Jordan, 907 S.W.2d 471, 472 (Tex. 1995).