NO. 07-03-0313-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 21, 2004

_____


PETRO EXPRESS, LTD. AND WILLIAM BOBBORA, APPELLANTS

V.

HORKEY OIL COMPANY, INC., APPELLEE


_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-519,035; HONORABLE ANDREW J. KUPPER, JUDGE

_____


Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellants Petro Express, Ltd. and William Bobbora challenge an order denying their

bill of review by which they seek to set aside a final judgment that appellee Horkey Oil

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Company, Inc. recover $400,000 plus attorney's fees and interest. Presenting a sole issue, Petro and Bobbora contend they established a meritorious defense to Horkey's suit on a $400,000 note executed by Petro and guaranteed by Bobbora and others who are not parties here. Although we agree that the threshold requirement of a meritorious defense was established, we affirm the denial of the bill of review.

On February 8, 1999, Petro executed and delivered an unsecured promissory note payable to Horkey in the principal amount of $400,000 bearing nine per cent interest. On that same date, Bobbora and others executed a written guaranty agreement for payment of the note to the holder of the note. After Petro defaulted, Horkey filed suit against Petro, Bobbora, and others seeking judgment on the note and based on the guaranty agreement. In response to Horkey's request for admissions, among other admissions, Petro and Bobbora's former attorney responded that the copy of the note and guaranty agreement were true and correct copies.

Thereafter, referencing Petro and Bobbora's admissions and other matters, by its second motion pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure, commonly denominated a no-evidence motion, Horkey sought summary judgment on the note and guaranty agreement. The motion was supported by Joe Horkey's affidavit, as president of Horkey, which, as material here, recited that the attached note was a true and correct copy, the corporation was the holder of the note and Bobbora's written guaranty, and provided the outstanding balance. After considering the evidence, the trial court rendered judgment

2

that Horkey recover $400,000 plus attorney's fees and interest against Petro and Bobbora. Petro and Bobbora's former attorney filed a notice of appeal together with an unopposed motion to extend the time for filing the notice. Thereafter, in cause number 07-02-0119-CV, by order of November 7, 2001, this Court dismissed the appeal for want of jurisdiction and failure to comply with the Texas Rules of Appellate Procedure, specifically by not complying with a notice from the Clerk of this Court for payment of the required filing fee and motion fee. This Court further rendered Petro and Bobbora's motion to dismiss moot.

In a severed proceeding against another guarantor, after requesting to examine the original promissory note, on or about June 20, 2002, other counsel discovered that the note and guaranty agreement had been transferred by Horkey to Plains National Bank pursuant to a commercial security agreement to secure payment of a note of Joe Horkey, individually. Accordingly, on August 19, 2002, Petro and Bobbora filed this bill of review in a separate cause number. Following Horkey's answer, on May 30, 2003, substituted counsel for Petro and Bobbora and counsel for Horkey appeared and announced ready to proceed with an evidentiary hearing on the bill of review. By order signed July 1, 2003, the trial court denied the bill of review.

Bill of Review[2]

A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment and at the time the bill of review is filed, there remains no such adequate legal remedy still available because through no fault of the proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense. *Id*. To be successful in a bill of review, the plaintiff must allege and prove:

- a meritorious defense to the cause of action alleged to support the judgment;
- which fraud, accident, or the opposing party's wrongful act prevented him from presenting; and
- without any fault or negligence of his own.

*Id.* at 752.

Whether a meritorious defense has been established is a question of law for the court to determine as a preliminary issue. *See* Baker v. Goldsmith, 582 S.W.2d 404, 409 (Tex. 1979); McDaniel v. Hale, 893 S.W.2d 652, 669 n.33 (Tex.App.–Amarillo 1994, writ denied). We review questions of law *de novo*. St. Joseph Hosp. v. Wolff, 94 S.W.3d 513,

---

[2]*See* W. Wendell Hall, *Standards of Review,* 34 St. Mary's L.J. 209 (2002).

525 (Tex. 2003). If the court does not find that a *prima facie* meritorious defense has been established, dismissal is proper; otherwise, the court will proceed to trial. *See* Martinez v. Tex. Dept. of Protective & Reg., 116 S.W.3d 266, 270 (Tex.App.--El Paso 2003, pet. denied).

Because Rule 296 of the Texas Rules of Civil Procedure provides for requests for findings of facts and conclusions of law in any case, before we address Petro and Bobbora's issue, we must first consider the appropriate standard of review of a judgment following a non-jury trial where the trial court did not make any findings of fact or conclusions of law and a reporter's record has been provided.[3] In such a case, the appellate court presumes the trial court found all fact questions in support of its judgment and must affirm that judgment on any legal theory supported by the pleadings and evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). When a reporter's record has been provided, the implied findings may be challenged for legal and factual insufficiency "the same as jury findings or a trial court's findings of fact." Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). In that regard, when making a legal sufficiency determination, we consider only the evidence most favorable to the implied findings of fact and disregard all contradictory evidence. Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980). In considering whether the evidence is factually sufficient to support

---

[3]Findings of fact and conclusions of law were not requested by either party.

the implied findings, we consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *Id*.

By their only issue, Petro and Bobbora contend they established a meritorious defense as a matter of law. We agree.

Because the evidence demonstrated that Horkey was not the holder of the promissory note and the guaranty at the time judgment was signed, it was not entitled to enforce payment. *See* Tex. Bus. & Com. Code Ann. § 3.301 (Vernon 2002). Although a general denial puts in issue the allegations in the pleadings in a suit to recover on a promissory note, a plaintiff can discharge its burden by producing and introducing the original note into evidence. *See* Derbigny v. Bank One, 809 S.W.2d 292, 294 (Tex.App.--Houston [14th Dist.] 1991, no writ). Production of the note is required to prove ownership and that it has not been assigned or transferred to another. Haupt v. Coldwell, 500 S.W.2d 563, 565 (Tex.Civ.App.--El Paso 1973, no writ). Accordingly, we conclude Petro and Bobbora had a meritorious defense to the motion for summary judgment if properly presented.

Our disposition of this case, however, does not cease with this determination. Petro and Bobbora contend the remaining elements for a bill of review are not properly before the court;[4] however, the notice of appeal was directed to the final judgment signed on July 1,

---

[4]A bill of review which does not dispose of the entire case is interlocutory and not appealable. *See* Jordan v. Jordan, 907 S.W.2d 471, 472 (Tex. 1995).

6

2003, and not the letter from the trial court dated June 26, 2003, that instructed counsel for Horkey to prepare an "appropriate order." After the hearing, by letter dated June 26, 2003, the trial court notified counsel it was of the opinion that Petro and Bobbora had not established a meritorious defense and denied the bill of review. The order provided in part:

> The Court, after reviewing the evidence and hearing the argument of counsel, is of the opinion that Plaintiffs have failed to carry their burden to establish the elements necessary to prevail on their Bill of Review. Therefore, the Bill of Review is denied.
>
> All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable.

Also, among other things, the reporter's record shows that counsel for Petro and Bobbora argued the second and third elements at trial. We conclude the provisions of the judgment are controlling for these purposes, notwithstanding the June 26 letter.

In addressing the second and third elements of a bill of review, Petro and Bobbora contend they were prevented from making their defense because of fraud, accident, wrongful act, or mistake of Horkey and through no fault of their own. They also argue the judgment was unjust and the product of fraud because it was based on Horkey's false affidavit provided in support of the motion for summary judgment. However, a judgment based upon false swearing is not a ground for setting aside a judgment. *See* Tice v. City of Pasadena, 767 S.W.2d 700, 702-03 (Tex. 1989); Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 96 (1940).

7

Focusing on the requirements of diligence and the absence of negligence on the part of Petro and Bobbora, we note that by not timely filing their appeal from the judgment, the requirement of diligence was not satisfied. *See* French v. Brown, 424 S.W.2d 893, 895 (Tex. 1967). Further, notwithstanding section 3.301 of the Business and Commerce Code, and the rule that a general denial will compel the party seeking to recover on a note to produce it, it appears that Petro and Bobbora's former counsel caused the admissions to be made without conducting any discovery. As no evidence or argument was presented to suggest that even limited discovery was prevented by the fraud or wrongful act of Horkey, we conclude the presumed finding against the absence of negligence is supported by the evidence. Petro and Bobbora's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

8