

# NUMBER 13-13-00029-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRUCE OLSON,                                                                 Appellant,

v.

DEL MAR COLLEGE,                                                             Appellee.

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellant, Bruce Olson, appeals from the trial court's summary judgment in favor of appellee, Del Mar College.  By seven issues, Olsen contends that:  (1) the trial court should have ordered Del Mar to specifically perform a settlement agreement by paying him the amount of $100,467 in the form of salary and not as a retirement benefit; (2) the trial court improperly admitted parol evidence submitted by Del Mar; (3) the trial court's

final order is "too vague and ambiguous to be enforced and does not contain any specific retirement or specific method of payment language"; (4) the trial court "failed to consider facts of mediation relevant to [the] parties['] intent on [the] form of payment"; (5) the trial court "erred in failing to rule that payment as salary was a condition precedent to voluntary retirement"; (6) public policy requires that the "interest is served by holding [Del Mar] to its contractual terms and Fraudulent Inducement"; and (7) the summary judgment in favor of Del Mar was improper. We reverse and remand.

## I. PERTINENT FACTS

Olson and Del Mar participated in mediation, and both parties signed a settlement agreement pursuant to rule 11 of the Texas Rules of Civil Procedure and section 154.071 of the Texas Civil Practice and Remedies Code, (the "Agreement"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.07 (West, Westlaw through 2013 3d C.S.). In the Agreement, Olson agreed that his two pending causes of action against Del Mar would be dismissed, and he agreed to a "Full Release and Hold Harmless Agreement as to Both Cases now pending."[1] Specifically, Olson agreed "to completely release, discharge, and forever hold [Del Mar] . . . harmless from any and all claims [in both cases], demand, or suits, known or unknown, fixed or contingent, liquidated or unliquidated whether or not asserted in the above case, as of this date, arising from or related to the events and transaction which are the subject matter of this case." The Agreement also included a confidentiality clause providing that all parties and their representatives had agreed to keep the litigation

---

[1] The record does not contain a description of the claims Olson made against Del Mar prior to the Agreement.

2

confidential including, among other things, "all investigations, mediations and settlement negotiations relating to" any of the claims.

Paragraph eight of the Agreement states, "Additional terms of this Settlement Agreement agreed to by all parties are as follows:" "Plaintiff agrees never to reapply for Employment with [appellee]. . . . Plaintiff shall be entitled to Early retirement [(]effect[tive] immediate[ly)] package using the sum of $100,467 Salary plus $37,392.95 for accrued unused vacation and sick leave which shall be used as last year's salary for purposes of reporting to TRS as required by TRS."[2]

The Agreement states that "the consideration to be given for this settlement is as follows: See attached Ex: A." Exhibit A is an email written by Philip McKinney, appellee's trial counsel, with the subject line stating, "settlement terms." Exhibit A states the following:

> Exhibit A to Mediation/Settlement Agreement
>
> The consideration given by [Del Mar] in exchange for settlement/dismissal of any and all claims by [Olson] against [Del Mar]:
>
> [1.]    opportunity to participate in the January 2011 voluntary early retirement package
>
> [2.]    accrued and unused sick leave/vacation paid at current, daily rate
>
> [3.]    $42,140.05 to be paid within 30 days by Trident Ins. Co. in addition to amounts rightfully owed on accrued sick leave and vacation amounts

The contract has not been performed due to a disagreement between the parties regarding whether Olson agreed that a $100,467 payment would be part of a retirement

---

[2] The TRS is the Teacher Retirement System of Texas.

benefit and not his salary for the previous year. In June 2012, Olson sued Del Mar for breach of contract, requesting specific performance. Del Mar counter-sued for breach of contract and filed a motion for summary judgment.

In its motion for summary judgment, Del Mar stated that it "has [at all times] remained ready, willing, and able to honor the terms of the Settlement Agreement [as it has interpreted it]." Del Mar alleged that the Agreement required Olson to retire and that Olson had refused to provide the necessary paperwork to initiate the retirement procedure. Del Mar argued that it was entitled to specific performance. Del Mar argued that it was entitled to summary judgment on Olson's claim for breach of contract because Del Mar has remained ready to perform under the Agreement. Del Mar further argued that it had agreed to pay the sum of $100,467 to Olson as an "incentive payment" and not as his salary. In its motion for summary judgment, Del Mar attached the following evidence: (1) an affidavit of Dr. Lee Sloan; (2) the Agreement with Exhibit A; and (3) documents regarding appellee's "2011 Voluntary Early Retirement Incentive Program."

Olson filed a response to Del Mar's motion for summary judgment. Olson alleged that "[t]he intentions of the parties in the agreement was to pay Olson 'salary' for his monetary compensation under the agreement. The amount of salary to be paid to Olson was correctly stated on page two (2) of the mediated settlement agreement where the contract explicitly and clearly states he will be paid: 'the sum of $100,467 salary.'" Olson contended that "he shall be entitled to early retirement effective immediately, and that he be paid in the manner specifically described in the agreement." Olson agreed that once Del Mar paid him the "salary," he promised to "never reapply for employment at Del Mar upon conclusion of the agreement." Olson argued that the Agreement is unambiguous

4

and that it explicitly entitled him to payment of the $100,467 as "salary." Olson stated that he was requesting the following: (1) "Payment of 'the sum of $100,467 salary'"; (2) "$37,392.95 for accrued, unused vacation and sick leave which shall be used at last year's salary"; (3) "$42,140.05 to be paid by Trident to Dr. Olson"; and (4) an "opportunity to participate in January 2011 early retirement program." Dr. Olson agreed that "[o]nce these conditions [were] met," he agreed "he shall be entitled to early retirement effective immediately" and that he would not "reapply for employment at Del Mar following his retirement." Olson objected to appellee's summary judgment evidence claiming that it constituted impermissible extrinsic and parol evidence.

The trial court granted appellee's motion for summary judgment. This appeal followed.

## II. SPECIFIC PERFORMANCE

By his first issue, Olson contends that the trial court should have ordered appellee to specifically perform on the contract by giving him the $100,467 in the form of the prior year's salary. However, Olson did not move for summary judgment seeking specific performance in the trial court. Thus, we are unable to provide the relief requested. *See* TEX. R. APP. P. 33.1 (establishing that trial court must make a ruling before issue is preserved); *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998) ("[B]efore a court of appeals may reverse summary judgment for one party and render judgment for the other party, both parties must ordinarily have sought final judgment relief in their cross motions for summary judgment."). We overrule Olson's first issue to the extent that he seeks rendition of judgment.

5

### III. SUMMARY JUDGMENT

By his seventh issue, Olson contends that summary judgment was improper. Specifically, Olson argues that the Agreement required Del Mar to pay him the $100,467 in the manner of salary. Del Mar responds that "the 'sum of $100,467.00' was to be used to determine the amount of the retirement incentive to be paid to Olson upon his early retirement, and not as an amount to be paid as salary as Olson complains." Del Mar argues, "After applying the rules of construction and analyzing and harmonizing the Agreement as a whole, there is only one reasonable interpretation of the Agreement," which is that "[Del Mar] agreed to allow Olson to participate in the Early Retirement Program as part of the settlement, and to 'immediately' pay him a retirement incentive payment 'using the sum of $100,467 salary' to calculate the amount of the incentive payment."[3]

Olson points out that the parties disagree with the way that he is to be paid and agree that a valid agreement exists that he would be paid the $100,467.[4] Olson also contends that he was not required to retire until Del Mar paid him the sum of $100,467 as his salary. Del Mar responds that Olson breached the Agreement by not retiring and that Del Mar agreed to pay Olson after he retired.

---

[3] The term "incentive payment" is not mentioned in the Agreement or in Exhibit A.

[4] Del Mar argues on appeal that Olson believes he is entitled to the "retirement incentive benefit promised him in the agreement, but not retire." We do not interpret Olson as arguing that he has not agreed to retire under the early retirement program. Olson argues that he is not required under the Agreement to retire before being entitled to the payment and that Del Mar agreed to credit the payment as the previous year's salary. In his brief, Olson agrees that he will retire under the program. Specifically, Olson states, "The contract required payment of salary to Olson, which upon successful payment, he agreed to voluntary retirement and dismissal with release of his pending claims" and "The issue in controversy surrounds the method of payment as salary, and when and if Olson's retirement should be effective."

6

## A. Standard of Review

In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.); *HBO, A Div. of Time Warner Entm't Co., L.P. v. Harrison*, 983 S.W.2d 31, 35 (Tex. App.—Houston [14th Dist.] 1998, no pet.). In deciding whether a disputed material fact issue precludes summary judgment, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to it as true. *See Nixon*, 690 S.W.2d at 548–49; *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

"When a plaintiff moves for summary judgment, the plaintiff must show entitlement to prevail on each element of the cause of action." *Geiselman v. Cramer Fin. Group, Inc.*, 965 S.W.2d 532, 535 (Tex. App.—Houston [14th Dist.] 1997, no writ). The plaintiff must produce evidence sufficient to support an instructed verdict at trial. *Id.* A defendant seeking a traditional motion for summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of any affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Sanchez v. Matagorda County*, 124 S.W.3d 350, 352 (Tex. App.—Corpus Christi 2003, no pet.). We review the granting of a traditional motion for

summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

Here, the trial court specified that it granted Del Mar's motion for summary judgment on the basis that Olson breached the contract. When a trial court limits its basis for granting summary judgment, this Court merely determines whether that ground was a proper basis as a matter of law. *Cox v. Upjohn Co.*, 913 S.W.2d 225, 228 (Tex. App.—Dallas 1995, no writ) ("Where the summary judgment order specifies the grounds on which it bases summary judgment, we limit our review to those grounds.") (citing *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 58 (Tex.1992)).

## B.    Discussion

The four elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Holloway v. Dekkers*, 380 S.W.3d 315, 320 (Tex. App.—Dallas 2012, no pet.). Thus, in order to be entitled to summary judgment on its breach of contract claim against Olson, Del Mar must have proven all of the above four elements as a matter of law. *See Geiselman*, 965 S.W.2d at 535.

Olson argues that under the terms of the Agreement, he was not required to retire prior to receiving the payment from Del Mar. The Agreement sets out that Del Mar would deliver "all settlement documents required to be executed in connection with this settlement" to Olson's trial counsel within fourteen days and that both parties agreed to "cooperate with each other in the drafting and execution of such additional documents" that are necessary to "implement the provisions and spirit of" the Agreement. Thus,

according to Del Mar, Olson was required to sign his retirement documents, as they constituted "settlement documents," before they were required to pay him.  Thus, Del Mar argues that Olson breached the contract when he failed to retire.  However, we do not interpret the Agreement as requiring Olson to sign the retirement documents.

First, the Agreement states, "[(1)] Plaintiff agrees never to reapply for Employment with [appellee], (2) Plaintiff shall be entitled to Early retirement [(]effect[ive] immediate[ly)] package using the sum of $100,467 Salary plus $37,392.95 for accrued unused vacation and sick leave which shall be used as last year's salary for purpose of reporting to TRS as Required by TRS."  This statement does not include any requirement that Olson retire, and we find nothing in the Agreement requiring such an action.

The Agreement states explicitly that Olson will be "*entitled* to [the] early retirement . . . package using the sum of $100,467 salary plus $37,392.95 for accrued unused vacation and sick leave which shall be used as last year's salary for purposes of reporting to TRS as required by TRS.  (Emphasis added).  "Entitle" means "to furnish with proper grounds for seeking or claiming something."  *See* Merriam Webster's Online Dictionary http://www.merriam-webster.com/dictionary/entitle (last visited October 28, 2014).  Thus, the Agreement furnished Olson with proper grounds for seeking or claiming the early retirement package.  *See id.*  It did not, however, state that he must retire.

Moreover, Exhibit A states that Del Mar agreed to give Olson, in consideration of the "settlement/dismissal of any and all claims by [Olson] against [Del Mar] . . . *an opportunity* to participate in the January 2011 voluntary early retirement package." (Emphasis added).  Exhibit A does not state that Olson is required to retire.  In other words, Del Mar agreed to provide to Olson the benefit of participating in the early

9

retirement program in exchange for Olson's promise to dismiss his suits and release Del Mar from liability. Accordingly, because the Agreement does not require that Olson retire, he did not breach the contract by not signing the retirement documents. Moreover, Olson signed the release and dismissed his claims. Thus, we conclude that the trial court's summary judgment in favor of Del Mar on the basis that Olson breached the Agreement was improper.

In addition, the trial court granted Del Mar's summary judgment on Olson's claim that Del Mar breached the contract, stating that Olson's cause of action for breach of contract was dismissed with prejudice and that he should take nothing on his claim. The trial court apparently granted Del Mar's summary judgment on Olson's breach of contract claim on the basis that Olson committed a breach of the contract by failing to retire.[5] Thus, Del Mar was excused from performing.[6] However, as previously stated, the Agreement does not require that Olson retire, and he signed the release documents as required by the contract. We sustain Olson's seventh issue.[7]

---

[5] In order to prevail on its motion for summary judgment regarding Olson's claim that Del Mar breached the contract, Del Mar had to show that no issue of material fact existed on each of the elements of breach of contract. However, Del Mar admitted that it had not performed. Del Mar's defense was that Olson breached the contract by not retiring, thus, it had no duty to perform. However, given that we have determined that Olson did not breach the contract by not retiring, a question of fact remains regarding whether Del Mar breached the contract by its non-performance.

[6] The trial court documented in its order that it was denying Olson's motion for summary judgment. However, there is no such motion in the clerk's record, in the trial court's docket sheet, or in the case summary. We therefore construe the trial court's summary judgment as granting Del Mar's motion for summary judgment on Olson's claims.

[7] Because Olson's seventh issue is dispositive, we need not address his remaining issues. *See* TEX. R. APP. P. 47.1.

10

## IV.    CONCLUSION

We reverse the summary judgment and remand the case to the trial court for further proceedings.[8]

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
20th day of November, 2014.

---

[8] Because we have reversed the summary judgment, we need not address Del Mar's cross-issue claiming that the trial court failed to award it attorney's fees.  *See id.*