Affirmed and Memorandum Opinion filed March 27, 2007








Affirmed
and Memorandum Opinion filed March 27, 2007.

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO. 14-02-00053-CV

____________

 

CHARLIE LEWIS AND RUTH CROWDER, Appellants

 

V.

 

MARINA BAY TRUCKS, INC. AND STERLING FINANCIAL GROUP, L.L.C., Appellees

 



 

On
Appeal from the 113th District Court

Harris
County, Texas

Trial
Court Cause No. 00-54495

 



 

M E M O R A N D U
M  O P I N I O N








Appellants,
Charlie Lewis (ALewis@) and Ruth Crowder
(ACrowder@), appeal from
take-nothing summary judgments in favor of appellees Marina Bay Trucks, Inc. (AMarina Bay@) and Sterling
Financial Group, L.L.C. (ASterling@).  In their first
issue, appellants contend the trial court erroneously granted appellees= no-evidence
motions for summary judgment, despite the existence of competent summary
judgment evidence raising issues of material fact.  In their second issue,
appellants claim the trial court erred in denying their motions for continuance
of the September 5, 2001 summary judgment hearing and denying their motions for
leave to file an untimely response to Marina Bay=s motion for
summary judgment.  We affirm.

Factual and Procedural Background








Appellants Lewis
and Crowder, plaintiffs below, originally filed suit against Marina Bay,
Sterling, and six other defendants on October 25, 2000.[1] 
Appellants asserted numerous causes of action against each defendant, allegedly
arising from the sale, financing, and warranty of two used automobiles;
specifically, a Chevrolet Corvette and a Mitsubishi 3000 GT.  Appellants filed
their first amended petition on March 15, 2001 and subsequently did little, if
anything, to prosecute their claims.  One defendant, identified in appellants= pleadings as AThe Answer,@ was never
served.  The trial court signed five separate orders granting take-nothing
summary judgments in favor of six defendants, including appellees Marina Bay
and Sterling.  The trial court signed an order dismissing all claims against
the last remaining defendant, Bank One Louisiana, N.A., on November 29, 2001.[2] 
Appellants timely filed notice of appeal on December 14, 2001.  Appellees
Marina Bay and Sterling are the only defendants who are parties to this appeal.[3]  
Neither Marina Bay nor Sterling filed an appellate brief.

Discussion

I.        Appellants= Motions for
Continuance of the September 5 Hearing and Motions for Leave to File an
Untimely Response to Marina Bay=s Motion for
Summary Judgment

We address
appellants= second issue first because it affects our
determination of whether the trial court=s grant of summary
judgment in favor of Marina Bay was proper. Marina Bay=s motion for
summary judgment was set for hearing on September 5, 2001. Appellants= second issue
contains two arguments related to the September 5 hearing.  First, appellants
contend the trial court erred in denying their motions to continue the
September 5 hearing.  Second, appellants contend the trial court erred in
denying their motions for leave to file an untimely summary judgment response. 

 








A.      Did the
Trial Court Abuse its Discretion by Denying Appellants= Motions to
Continue the Summary Judgment Hearing Set for September 5?

Appellants first
contend the trial court abused its discretion by denying their motions to
continue the summary judgment hearing set for September 5, 2001.  Appellants
filed a holographic motion on September 4, 2001 requesting a continuance of the
September 5 hearing.[4] 
On September 5, in a single document, appellants filed (1) a motion for continuance of the
September 5 hearing, (2) a motion for leave to file untimely summary judgment
responses, and (3) responses to summary judgment motions set for hearing on
September 5.[5]  The trial court
conducted an oral hearing on September 5 and signed an order granting Marina
Bay=s motion for
summary judgment on September 7, 2001.  The record contains no order granting
or denying appellants= motions for continuance.  Nothing in the
record indicates appellants= motions were brought to the trial court=s attention during
the September 5 hearing.  In their brief, appellants concede that the trial
court did not expressly rule on their motions for continuance.  Appellants
contend, however, that the trial court implicitly ruled on their motions by
conducting an oral hearing on September 5 and granting Marina Bay=s motion for summary
judgment on September 7. 








A party opposing a
summary judgment may file a motion to continue the summary judgment hearing in
order to conduct additional discovery.  Tex.
R. Civ. P. 166a(g).  Although appellants filed two motions for continuance,
they neither requested a hearing on the matter nor obtained a written ruling
from the trial court.  A party moving for continuance of a summary judgment
hearing must obtain a written ruling on its motion in order to preserve the
complaint for appellate review.   See Tex.
R. App. P. 33.1(a); Kadhum v. Homecomings Fin. Network, Inc.,
---S.W.3d---, 2006 WL 1125240, at *2 (Tex. App.CHouston [1st
Dist.] 2006, pet. denied); Washington v. Tyler Indep. Sch. Dist., 932
S.W.2d 686, 690 (Tex. App.CTyler 1996, no writ).  Because appellants
did not obtain a written ruling on their motions for continuance, they have
failed to preserve this complaint for appellate review.

Even if the trial
court can be deemed to have implicitly overruled appellants= motions for
continuance, the decision to grant or deny a motion for continuance is within
the trial court=s discretion, and such determination will
be reversed only upon a showing of a clear abuse of discretion. BMC Software
Belg. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002).  A  trial court abuses
its discretion when it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.  Id.  On their face,
neither of appellants= motions satisfy the requirements of Rule
252 of the Texas Rules of Civil Procedure.  See Tex. R. Civ. P. 252. (application for continuance must Astate that the
continuance is not sought for delay only, but that justice may be done@).  

In the September 4
motion, appellants present the following argument as their basis for requesting
a continuance: APltfs [sic] do not know yet if they got
these motions and miscalendared, or what.  Pltfs [sic] move to reset the 9-5
hearing to a later date.@ The September 4 motion is neither
verified nor accompanied by a supporting affidavit.  See Rogers v.
Continental Airlines, Inc., 41 S.W.3d 196, 200 (Tex. App.CHouston [14th
Dist.] 2001, no pet.) (requiring motion for continuance of summary judgment
hearing to be verified or accompanied by affidavit explaining need for further
discovery).  








In their September
5 motion, appellants request a continuance Abecause their
lawyer=s office did not
have the motions calendared and was blissfully unaware of them until the phone
rang on the morning of September 4 and it was the clerk asking if she should be
receiving them in the mail.@   The September 5 motion provides that
appellants= trial counsel was unable to locate in his files two
of the three summary judgment motions set for hearing, including the motion
filed by Marina Bay.  Appellant=s trial counsel acknowledges that the
summary judgment motion filed by defendants Dimension and Westchester was
present in his files.  That motion contains a notice of hearing regarding the
September 5 hearing, and a certificate of service dated August 10, 2001Ctwenty-six days
prior to the date of the hearing.  When a party receives notice of a summary judgment hearing
and the notice gives more than the twenty-one days required by the rules of
civil procedure, denial of a motion for continuance based on a lack of time to
prepare generally is not an abuse of discretion.  Karen Corp. v. Burlington
N. & Santa Fe Ry. Co., 107 S.W.3d 118, 124 (Tex. App.CFort Worth 2003, pet. denied).

The affidavits of 
Lewis and appellants= trial counsel, Matt Muller, are attached
to the September 5 motion.  Neither of the affiants testified that additional
discovery was needed.  Both affiants testified that Crowder was ill and
additional time was needed to obtain her affidavit. However, neither the motion
nor the attached affidavits described the anticipated testimony of Crowder or
how it was essential to their opposition to the summary judgment motions.  See
Tex. R. Civ. P. 166a(g).
Given the multiple deficiencies in appellant=s motions for
continuance of the September 5 summary judgment hearing, we cannot say that the
trial court abused its discretion in refusing to grant appellants= motions for continuance.

B.      Did the
Trial Court Err in Denying Appellants= Motions for Leave
to File an Untimely Response to Marina Bay=s Motion for
Summary Judgment?








Appellants next
contend the trial court erred in denying their motions for leave to file an
untimely response to Marina Bay=s motion for summary judgment.[6] 
Appellants filed a  handwritten motion for leave on September 4, 2001. On
September 5, appellants filed a typewritten motion for leave and a response to
Marina Bay=s motion for summary judgment.  Also on September 5,
Marina Bay filed an objection to appellants= untimely
response.  As stated above, an oral hearing was conducted on September 5, and
the trial court signed an order granting Marina Bay=s motion for
summary judgment on September 7, 2001.  

The record
contains no order granting or denying appellants= motions for
leave.  Nothing in the record indicates appellants= motions for leave
were set for hearing or ruled upon by the trial court.  The order granting
Marina Bay=s motion for summary judgment provides that Athe Court having
considered the motion, all of the evidence, and arguments of counsel hereby
GRANTS Defendant=s Motion for Partial Summary Judgment and
ORDERS that Plaintiffs take nothing from Defendant, MARINA BAY TRUCKS, INC.@  In their
appellate brief, appellants concede that the trial court did not expressly rule
on their motions for leave.  Appellants contend, however, that the absence of a
ruling on their motions for leave requires this court to presume that the
motions were denied.   We disagree. 








In order to
address appellants= contention that the trial court erred in
denying their motions for leave, we must first find that the trial court ruled,
either expressly or implicitly, on those motions, or that the trial court
refused to rule and appellants objected to the refusal.  Tex. R. App. P. 33.1(a).  In their
brief, appellants contend Awe may presume that the [trial] court
denied the motion [for leave] since the absence of a ruling on a motion for
leave to late-file a summary judgment response seems to have been interpreted pasim
[sic] to require the reviewing Court of Appeals to presume that the motion was
denied.@  In support of
their contention, appellants cite caselaw from this court and the Texas Supreme
Court applying the following rule: When there is no order in the record
granting leave for a late filing by the non-movant, we must presume the court
did not consider the filing in rendering the take-nothing summary judgment. 
See Benchmark
Bank v. Crowder, 919
S.W.2d 657, 663 (Tex. 1996); INA of Texas v. Bryant, 686 S.W.2d 614, 615
(Tex. 1985); Brown v. Shores, 77 S.W.3d 884,
886 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Geiselman v.
Cramer Fin. Group, Inc., 965 S.W.2d 532, 536 (Tex. App.CHouston [14th
Dist.] 1997, no writ).  These cases state an evidentiary presumption to be
applied by appellate courts when reviewing a trial court=s order granting
a motion for summary judgment.  See id.  None of the cases cited by
appellants address the issue of whether a trial court implicitly denied a
motion for leave to file a late response to a motion for summary judgment,
nor do they address the issue of whether a trial court abused its discretion in
denying a motion for leave to file a late response.  See id.

We cannot infer
from the record in this case that the trial court implicitly denied appellants= motions for leave
to file an untimely response.  The fact that the trial court signed an order
granting Marina Bay=s motion for summary judgment on September
7, two days after appellants filed their untimely response, does not
conclusively establish that appellants= motions for leave
were implicitly denied.  See Delfino v. Perry Homes, ---S.W.3d---, 2006
WL 2042527, at *3 (Tex. App.CHouston [1st Dist.] 2006, no pet.) (A[R]ulings on a
motion for summary judgment and objections to summary judgment evidence are not
alternatives; nor are they concomitants.  Neither implies a ruling B or any particular
ruling B on the other.  In
short, a trial court=s ruling on an objection to summary
judgment evidence is not implicit in its ruling on the motion for summary
judgment.@); Franco v. Slavonic Mut. Fire Ins. Assoc.,
154 S.W.3d 777, 784B85 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (holding order granting motion for summary judgment does
not constitute an implicit ruling on a special exception).  Under the facts of
this case, we find the trial court=s order granting
Marina Bay=s motion for summary judgment is equally consistent
with either no ruling on appellants= motions for
leave, a ruling granting a motion for leave, or a ruling denying the motions
for leave.  See Tex. R. App. P. 33.1(a). 
We cannot review a ruling that we cannot ascertain, and we will not speculate
thereon.  Accordingly, appellants have failed to preserve this complaint for
our review.  See id.  Appellants= second issue is
overruled.

 

 








II.       No-Evidence Motions for Summary
Judgment Filed by Marina Bay and Sterling 

Appellees Marina Bay and Sterling filed separate
no-evidence motions for summary judgment, both of which were granted by the
trial court.  In their first issue, appellants contend the trial court erred in
granting appellees= no-evidence motions
for summary judgment because appellants responded with competent summary
judgment evidence raising issues of material fact. 

A.      Standard of Review

In reviewing a no-evidence motion for summary judgment, we
ascertain whether the nonmovant pointed out summary judgment evidence of
probative force to raise a genuine issue of fact as to the essential elements
attacked in the no-evidence motion. Johnson v. Brewer & Pritchard, P.C.,
73 S.W.3d 193, 206B08 (Tex. 2002).  We
take as true all evidence favorable to the nonmovant, and we make all
reasonable inferences therefrom in the nonmovant=s
favor.  Dolcefino v. Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  A no-evidence motion for summary judgment
must be granted if the party opposing the motion does not respond with
competent summary judgment evidence that raises a genuine issue of material
fact.  Tex. R. Civ. P.  166a(i); Dolcefino,
19 S.W.3d  at 917.  When, as in this case, the order granting summary judgment
does not specify the grounds upon which the trial court relied, we must affirm
summary judgment if any of the independent summary judgment grounds is
meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000).

B.      Did the Trial Court Err in Granting
Marina Bay=s No-Evidence Motion for Summary Judgment?








On August 14, 2001, Marina Bay filed a no-evidence motion
for summary judgment identifying at least one essential element of each cause
of action asserted by appellants as to which Marina Bay contended there was no
evidence.  Marina Bay=s motion was set for
hearing on September 5, 2001.  Appellants=
response to Marina Bay=s motion was due on
August 29, 2001.  See Tex. R.
Civ. P. 166a(c) (AExcept on leave of
court, the adverse party, not later than seven days prior to the day of hearing
may file and serve opposing affidavits or other written response.@).  On
September 4 and 5, appellants filed motions for leave to file an untimely
response to Marina Bay=s motion for summary
judgment. Appellants filed their only response to Marina Bay=s
motion on September 5.  

Appellants admit they did not timely file a response to
Marina Bay=s no-evidence motion for summary judgment.  Appellants
further admit, and the record reflects, that they did not obtain a ruling from
the trial court granting or denying their motions for leave.  When there is no
order in the record granting leave for a late filing by the nonmovant, we must
presume, in our review of the trial court=s order
granting the take-nothing summary judgment, that the trial court did not
consider the late filing in rendering the judgment.  Benchmark Bank, 919 S.W.2d at 663;
Brown, 77 S.W.3d at 886.  Thus, we must presume the trial court
did not consider appellants= untimely response to
Marina Bay=s motion.  See id.  Because appellants failed to
respond with competent summary judgment evidence raising genuine issues of fact
as to any of the elements challenged by Marina Bay, the trial court did not err
in granting Marina Bay=s no-evidence motion
for summary judgment.  See Tex.
R. Civ. P.  166a(i); Dolcefino, 19 S.W.3d  at 917.   

C.      Did the Trial Court Err in Granting
Sterling=s No-Evidence Motion for Summary Judgment?








In their amended petition, appellants asserted the
following causes of action against Sterling: breach of contract, breach of
warranty, negligence, civil conspiracy, violation of the Texas Deceptive Trade
Practices Act, and violation of the Texas Insurance Code.[7]  On
September 24, 2001, Sterling filed a no-evidence motion for summary judgment
identifying at least one element of each cause of action asserted by appellants
as to which Sterling contended there was no evidence.  Sterling=s motion was set for hearing on October 15.  Appellants
timely filed a response to Sterling=s
motion.  The affidavit of Lewis and various documents[8]
were attached to appellants=
response.  On October 15, 2001, the trial court signed an order granting
Sterling=s Motion for summary judgment.  The trial court=s order provides: AThe
motion for summary judgment of Sterling Financial Group LLC is granted.@  Sterling did not file an appellate brief and, therefore,
raises no objections on appeal to appellants=
summary judgment evidence.  We address each of appellants= causes of action, the specific elements challenged in
Sterling=s motion, and the evidence identified by appellants in
their response.

1.
Breach of Contract     

In its
no-evidence motion for summary judgment, Sterling asserted that it was not
liable for breach of contract because there was no evidence of the existence of
a contract between appellants and Sterling.  A plaintiff asserting a cause of
action for breach of contract must establish the existence of a valid contract. 
Frost Nat. Bank v. Burge, 29 S.W.3d 580, 593 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The elements
of a contract
are: (1) an offer; (2) acceptance in strict compliance with terms of the offer;
(3) a meeting of the minds; (4) a communication that each party has consented
to the terms of the agreement; (5) execution and delivery of the contract with
an intent that it become mutual and binding on both parties; and (6)
consideration.  Angelou v African Overseas Union, 33 S.W.3d 269, 278
(Tex. App.CHouston [14th Dist.] 2000, no
pet.).








In
response to Sterling=s
no-evidence motion for summary judgment, appellants had the burden to point out
evidence raising a genuine issue of fact as to the existence of a contract
between appellants and Sterling.  See San Saba Energy, L.P. v. Crawford,
171 S.W.3d 323, 330B31
(Tex. App.CHouston [14th Dist.] 2005 no
pet.).  In their summary judgment response and appellate brief,[9]
appellants contend that the affidavit of Lewis and a one-page document titled AVehicle Service Contract Application,@ both of which were attached to their summary judgment
response, establish that Sterling sold a Mitsubishi automobile to appellants.

The
three-page affidavit of Lewis provides no evidence of the existence of any
contract between appellants and Sterling.  The affidavit contains no mention of
Sterling whatsoever.   In his affidavit, Lewis testified that he purchased both
of the automobiles at issue, as well as an extended service plan for the
Mitsubishi automobile, from Sam Grizzaffi and Terry Etzel at the Toys and
Trucks used car dealership.  

Similarly,
the Vehicle Service Contract Application (Athe
Application@) fails to raise a fact issue
as to the existence of a contract between appellants and Sterling. The
Application is, by its terms, an application for an extended warranty on
a used Mitsubishi automobile.  The Application identifies Sterling as the Adealer@
obligated to provide vehicle service under the contract and Ruth Crowder as the
purchaser.  The Application further provides that the service contract becomes
effective

upon the Application
being received by the Administrator from the Seller, verified and accepted by
the Administrator for Vehicle eligibility, and conformation and a Contract
number is mailed to the Purchaser by the Administrator . . . . This application
will be attached to, and will become part of the service contract. 








The
Application is signed by appellants Lewis and Crowder, as well as Jim Riordan,
a purported representative of Sterling.  However, the Application is neither
attached to, nor accompanied by, any contract.  The Application, in and of
itself, does not establish a meeting of the minds between appellants and
Sterling.  See Angelou, 33 S.W.3d at 278.  A correspondence from the AAdministration Department@ to
Ruth Crowder titled ANotice
of Rejection of Application@ is
also attached to appellants=
summary judgment response. This correspondence provides: AAfter careful review of your vehicle service contract
application, we must inform you that your application cannot be accepted.@ We conclude that the trial court did not err in granting
summary judgment as to appellants=
breach of contract claim because appellants=
summary judgment evidence does not raise a genuine issue of material fact as to
the existence of a contract between appellants and Sterling.     

2.
Breach of Warranty                 

In its
motion for summary judgment, Sterling contends appellants have no evidence that
Sterling sold or provided an express or implied warranty to appellants.  In
their summary judgment response and appellate brief, appellants do not identify
any evidence or make any arguments in support of their claim for breach of warranty. 
See Tex. R. Civ. P. 166a(i);
Saba Energy, 171 S.W.3d at 330 (requiring a nonmovant responding to a
no-evidence ground for summary judgment to point out evidence that raises a
genuine issue of fact as to the challenged elements).  Assuming, arguendo,
appellants contend that the Application provides some evidence of the existence
of a warranty, we hold that the Application does not provide more than a
scintilla of evidence of the existence of a warranty sold or provided by
Sterling to appellants.  Accordingly, we conclude that the trial court did not
err in granting summary judgment as to appellants breach of warranty claim. 

 

 








3.
Negligence 

Sterling=s summary judgment motion contends appellants have no
evidence of any essential element of a cause of action for negligence. 
Sterling specifically asserts that appellants have no evidence of the existence
of a legal duty owed by Sterling to appellants, a breach of that duty, or
damages proximately caused by the breach. Appellants= amended petition alleges Sterling provided financing and
insurance for the two automobiles sold to appellants by Marina Bay Trucks. 
Appellants allege Sterling was negligent in the following manner: ASterling Financial Group, LLC=s
employees probably conspired with Etzel and/or Grizzaffi and/or Marina Bay
Trucks, Inc. to profit unlawfully from deceiving Lewis and his grandmother, but
if Sterling didn=t know
what kind of operation Toys & Trucks was running, they were willfully
ignorant about it, or negligent in ignoring the situation.@  

In
their summary judgment response and appellate brief, appellants do not identify
any evidence or cite any legal authority in support of their allegation that
Sterling owed them a legal duty.  Appellants=
summary judgment response makes no reference whatsoever to their negligence
claim.  Accordingly, we conclude that the trial court did not err in granting
summary judgment as to appellants=
negligence claim because appellants failed to point out evidence raising a
genuine issue of fact as to the existence of a legal duty owed by Sterling to
appellants.  See FM Props. Operating Co., 22 S.W.3d at 872.  (AWhen a trial court=s
order granting summary judgment does not specify the grounds relied upon, the
reviewing court must affirm summary judgment if any of the summary judgment
grounds are meritorious.@). 

4. Civil
Conspiracy








In its
no-evidence motion, Sterling contends appellants have no evidence of the
following elements of a cause of action for civil conspiracy: (1) an object to
be accomplished, (2) an agreed upon course of action, (3) one or more unlawful,
overt acts, and (4) damages as the proximate result.  See Massey v. Armco
Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). Appellants= amended petition alleges Sterling Aprobably conspired with Etzel and/or Grizzaffi and/or
Marina Bay Trucks, Inc. to profit unlawfully . . . .@ However, appellants=
summary judgment response fails to identify any evidence that Sterling agreed
upon a course of action with any other alleged conspirator.  Therefore, the
trial court did not err in granting summary judgment as to appellants= civil conspiracy claim.  See FM Props. Operating Co.,
22 S.W.3d at 872.  

5.
Texas Deceptive Trade Practices Act

Appellants= DTPA claim is based on alleged misrepresentations made by
Sterling to appellants regarding the sale of a Mitsubishi automobile and extended
warranty.  In their amended petition, appellants alleged: AThe insurance (extended warranty) deal got bent from the
start as well.  It looks as if Etzel or someone else at the Toys & Trucks
or Sterling end played with the mileage declaration and odometer statements and
backdated the sale on the Mitsubishi so that the life of the extended warranty
would be unnaturally shortened.@  See
Tex. Bus. & Com. Code Ann.
' 17.46(b)(7) (Vernon Supp. 2005) (stating that
misrepresentation of the standard, quality, grade, style or model of goods or
services is a false, misleading, or deceptive act or practice under the DTPA). 









Sterling=s summary judgment motion contends appellants have no
evidence that Sterling made any misrepresentations to appellants regarding the
sale of an automobile or warranty.  In their summary judgment response and
appellate brief, appellants identify the Application as evidence of
misrepresentations made by Sterling.  The Application contains information
regarding the odometer reading and date of sale of the Mitsubishi automobile;
however, appellants failed to identify any evidence showing that Sterling
filled out the Application or made any of the alleged misrepresentations
contained therein.  To the contrary, in his affidavit, Lewis stated that Sam
Grizzaffi and Terry Etzel prepared the paperwork for the extended service plan
and incorrectly stated the odometer reading in the paperwork.  Therefore, the
trial court did not err in granting summary judgment as to appellants= DTPA claim.

6.
Texas Insurance Code

In
their amended petition, appellants allege Sterling knowingly made
misrepresentations in violation of the Texas Insurance Code.[10] 
The Insurance Code provides:

It is an unfair method
of competition or an unfair or deceptive act or practice in the business of
insurance to misrepresent an insurance policy by:(1) making an untrue statement of material fact;

(2) failing to state a material
fact necessary to make other statements made not misleading, considering the
circumstances under which the statements were made;

(3) making a statement in a
manner that would mislead a reasonably prudent person to a
false conclusion of a material fact;

(4) making a material
misstatement of law; or

(5) failing to disclose a matter
required by law to be disclosed, including failing to make a disclosure in
accordance with another provision of this code.

Tex.
Ins. Code Ann. '
541.061 (Vernon 2004) (formerly codified at Tex.
Ins. Code art. 21.21 (Vernon1981)) (emphasis added). 

In its
motion for summary judgment, Sterling contends appellants have no evidence that
Sterling is in the business of selling insurance or that Sterling violated the
Texas Insurance Code.  In their summary judgment response and appellate brief,
appellants fail to identify any evidence in support of their claim that
Sterling is in the business of selling insurance.  Accordingly, the trial court
did not err in granting summary judgment as to appellants= cause of action for violation of the Texas Insurance Code.









Appellants
failed to raise a genuine issue of fact as to at least one challenged element
of each of appellants=
causes of action against Sterling.  Therefore, we hold that the trial court did
not err in granting summary judgment in favor of Sterling.  See FM Props.
Operating Co., 22 S.W.3d at 872.  (AWhen a
trial court=s order granting summary
judgment does not specify the grounds relied upon, the reviewing court must
affirm summary judgment if any of the summary judgment grounds are meritorious.@). Because we find that the trial court did not err in
granting take-nothing summary judgments in favor of Marina Bay and Sterling,
appellants= first issue is overruled.

Conclusion

Having
considered and overruled each of appellants=
issues on appeal, we affirm the judgment of the trial court.  

 

 

 

 

 

 

/s/      John
S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed March 27,
2007.

Panel consists of Justices Yates, Anderson, and Hudson.

 









[1]  Appellants filed suit against Sterling Financial
Group, L.L.C., Marina Bay Trucks, Inc., Dimension Service Corporation, The
Answer, Westchester Fire Insurance Company, Bank One Louisiana, N.A., Terry
Etzel, and Sam Grizzaffi. 





[2]   None of the parties contend that the orders
granting summary judgment in favor of Marina Bay and Sterling are not final,
appealable orders.  Nevertheless, we are obligated to review sua sponte
issues affecting jurisdiction.  N.Y. Underwriters Ins. Co. v. Sanchez,
799 S.W.2d 677, 678 (Tex. 1990).  Appellants=
first amended original petition asserted six causes of action against a
defendant identified as AThe Answer@
and described as Aan entity of unknown structure which is engaged in the
business of insurance in the State of Texas but which has not registered to do
so . . . nor has it designated an agent for service of process.  Its principal
offices are unknown despite diligent investigation.@  Defendant The Answer was never served, nor did it
file an answer or any other pleadings or motions.  The record contains no order
disposing of appellants= claims against The Answer.  

A judgment is final for the purposes of appeal if it disposes of all
pending parties and claims in the record.  Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  However, where a judgment disposes of all parties
except those who have not been served and have filed no answer, as is the case
with The Answer, the judgment is final and the unserved party is considered to
have been nonsuited without prejudice.  See M.O. Dental Lab v. Rape, 139
S.W.3d 671, 674B75 (Tex.2004) (holding summary judgment order that
disposed of all named parties except one who had never been served was final
for purposes of appeal based on record revealing (1) unserved party never filed
any motions or pleadings and (2) plaintiff had no intention to serve unserved
party); Galley v. Apollo Assoc. Servs., 177 S.W.3d 523, 526 n.1 (Tex.
App.CHouston [1st Dist.] 2005, no pet.).  On November 29,
2001, the trial court signed an order dismissing with prejudice all claims
against Bank One Louisiana, N.A.  The Answer was the only remaining defendant.
The Answer has not been served, and the record contains no indication that
appellants ever expected to obtain service upon The Answer.  Therefore, we
conclude that the trial court=s orders
granting summary judgment in favor of appellees Sterling and Marina Bay became
final and appealable on November 29, 2001.  See id.





[3]  In their notice of appeal and appellate brief,
appellants challenge  the trial court=s
orders granting summary judgment in favor of defendants Sterling Financial
Group, L.L.C., Marina Bay Trucks, Inc., Dimension Service Corporation,
Westchester Fire Insurance Company, Terry Etzel, and Sam Grizzaffi. However,
during the pendency of this appeal, Terry Etzel and Sam Grizzaffi filed
bankruptcy and received orders of discharge.  Also, on August 31, 2006, this
court issued an order dismissing Dimension Service Corporation and Westchester
Fire Insurance Company from this appeal pursuant to an agreed motion to
dismiss.  Therefore, Marina Bay and Sterling are the only two appellees who
remain parties to this appeal.





[4]  The motion filed on September 4 also requested leave to file an
untimely response to three pending motions for summary judgment.  





[5]   Three separate summary judgment motions were set for hearing on
September 5.  The defendants who filed the other two summary judgment motions
are not parties to this appeal. 





[6]  Marina Bay=s motion for summary judgment was
set for hearing on September 5, 2001.  Therefore, appellants were required to
obtain leave of court to file a response later than August 29, 2001.  See
Tex. R. Civ. P. 166a(c) (AExcept on leave of court, the
adverse party, not later than seven days prior to the day of hearing may file
and serve opposing affidavits or other written response.@).  





[7]  Appellants asserted the same six causes of action
against each of the eight defendants named in their amended petition. 
Additional causes of action were asserted against Marina Bay, Terry Etzel, and
Sam Griffazzi.  





[8]  Photocopies of the following documents were attached to appellants= response: photographs of a
Mitsubishi automobile, a document titled ASterling Group Program Guidelines,@ a document titled ASterling Group The Automotive
Financing Source,@ a February 17, 1999 correspondence
from Sterling to Marina Bay authorizing Marina Bay to submit applications to
Sterling, a March 11, 1999 document titled AVehicle Service Contract Application,@ an August 6, 1999 correspondence
to Ruth Crowder rejecting Crowder=s Vehicle Service Contract Application, and a Texas
certificate of title for a 1985 Chevrolet automobile.  





[9]  The argument section of appellants= appellate brief contains only one and one-half pages
of argument pertaining to the trial court=s
order granting summary judgment in favor of Sterling.





[10]  Appellants do not cite or refer to any specific
provisions of the Texas Insurance Code or Texas Deceptive Trade Practices Act
in their amended petition, response to Sterling= motion for summary judgment, or appellate brief.